Nicholson, C. J.,
delivered the opinion of the Court.
Estes, Jackson & McDavid, as Solicitors, filed an attachment and injunction bill for complainant, a nonresident, against defendant, who, as trustee for nonresident beneficiaries and defendants, has in his hands a large fund derived from the sale of trust property. This fund is attached to satisfy the claim of complainant against the beneficiaries in the trust deed, and the trustee enjoined from paying it over. The attachment bill was not filed to attack the trust deed, but in affirmance of it, and to reach the trust fund derived from the trust property so conveyed.
The legal effect of the attachment was to bring the defendants into Court,, and also to impound the fund and fix upon it a. lien in favor of complainant for the satisfaction of his claim. "While- the case is pending, complainant and the non-resident defendants enter into some arrangement or compromise, the specific terms of which are not disclosed, by which complainant orders his suit to be dismissed; and the result of this dismissal would be to authorize the trustee to pay out the trust funds to the beneficiaries, and to leave complainant’s solicitors to look to him personally for their compensation.
This presents the question, whether complainant, by his order of dismissal, could withdraw the fund from *696 the custody of the Court without first satisfying his indebtedness to his solicitors for their services in the cause? And, in turn, this depends upon the question, whether the solicitors secured a lien upon the funds by procuring it to be impounded and held subject to complainant’s lien?
It is conceded that the solicitors would have a lien upon the fund if it had been declared by final decree to be subject to complainant’s debt. But it is argued that the solicitor’s lien does not attach until the thing or matter in litigation is recovered as the result of the litigation. We can not appreciate the force of this argument. We think that whenever the solicitor has succeeded by his professional services in securing a fund by attachment, and thereby fixing upon the lien of his client, his own lien like that of his client attaches — both, however, subject to be defeated by the loss of the fund on final hearing or trial.
Prima fade, the fund attached is subject to be appropriated to the satisfaction of the attaching creditor’s lien, and along with his lien, that of his solicitor goes pari passu. We hold that from the relation thus existing between complainant and his solicitors, it is a fraud upon their rights for him to make any arrangement or compromise with the opposite party without the knowledge or consent of his solicitors, by which their rights are defeated. In the case of Hunt v. McClanahan, 1 Heis., 503, we held that “ an attorney is entitled to an equitable lien on the property or thing in litigation for his just and reasonable fees, and the client can not, while the suit is pending, so dispose *697 of the subject matter in dispute as to deprive the attorney of his lien.” We regard this authority as conclusive of the question before us, and we have no disposition to modify it.
Let the decree below be affirmed with costs.