### First National Bank *v.* Union Ry. Co.[*]

### (*Jackson.* April Term, 1926.)

**1. SALES.**

Either conditional vendor or vendee can sue for injury to property by third party. (*Post, p.* 389.

Cases cited and approved: Railway Co. v. Lumber Co., 130 Tenn., 354; Harris v. Seaboard Air Line Ry. Co., 190 N. C., 480; Wilkes v. Southern Ry., 85 S. C., 346.

**2. JUDGMENT.**

Recovery by either conditional vendor or vendee for injury to property by third party bars recovery by the other. (*Post, p.* 390.)

**3. SALES.** Conditional vendee's possession alone is sufficient to support his action against third party for trespass or trespass on the case.

Possession by conditional vendee alone is sufficient to support action by him for trespass or trespass on the case against third party injuring property. (*Post, p.* 390.)

**4. COMPROMISE AND SETTLEMENT.** Conditional vendee's right to sue third party for injury to property authorizes him to compromise and settle so as to bar recovery by vendor.

---

[*]On recovery by conditional vendor or vendee against third person for damage to or destruction of property, see note in 38 A. L. R. 1337.

First Nat. Bank v. Union Ry. Co.

Conditional vendee's right to sue third party for injury to property authorizes him to compromise and settle in good faith, so as to preclue recovery by vendor. (*Post*, *p*. 390.)

Cases cited and approved: Chicago, R. I. & P. Ry. Co. v. Earl, 121 Ark., 514; Masterson v. Int., etc., R. Co., 55 S. W., 577; Lacey v. Great No. Ry. Co., 70 Mont., 346; French v. Osmer, 67 Vt., 427.

5. **COMPROMISE AND SETTLEMENT.**

Law favors settlement of disputes by compromise. (*Post*, *p*. 390.)

6. **COMPROMISE AND SETTLEMENT. Conditional vendee is not such trustee for vendor as to be precluded from setting with third party for injury to property without vendor's sanction, but only becomes trustee as to surplus recovered after satisfying his own demand.**

Conditional vendee is not such a trustee for vendor as to preclude him from settling with third party for injury to property by compromise without vendor's sanction, but only becomes such trustee as to surplus after satisfying his own demand when he recovers by suit or compromise, as he acts primarily in his own right. (*Post*, *pp*. 390, 391.)

7. **BILLS AND NOTES.**

Bank acquiring purchase-money notes from conditional seller sustained same relationship as latter toward vendre, and simply acquired latter's obligations secured by automobile purchased. (*Post*, *p*. 391.)

8. **COMPROMISE AND SETTLEMENT. Conditional vendee releasing claim against railroad for damage to automobile purchased and voluntarily indorsing and turning over check to vendor was party to settlement, so as to preclude assignee of purchase-money notes from recovering from railroad.**

Vendee releasing claim against railroad for damage to automobile purchased and receiving check, which he voluntarily indorsed and turned over to vendor, was party to settlement, so as to preclude recovery by assignee of purchase-money notes against railroad. (*Post*, *pp*. 391, 392.)

---

*Headnotes 1. Sales, 35 Cyc., p. 711 (Anno), 713 (Anno); 2. Judgments, 34 C. J., Section 1440; 3. Sales, 35 Cyc., p. 713 (Anno); 4. Compromise and Settlement, 12 C. J., Section 37; 5. Compromise and Settle-

ment, 12 C. J., Section 32; 6. Compromise and Settlement, 12 C. J., Section 37; 7. Sales, 35 Cyc., p. 695; 8. Compromise and Settlement, 12 C. J., Section 37.

### FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. A. B. PITTMAN, Judge.

BRANHAN HOUSTON, for plaintiff.

E. P. RUSSELL, for defendant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

On October 12, 1922, the Tri-State Motor Sales Company sold one Maxwell car to J. H. Horton for $985. Two hundred and fifty dollars of the consideration was paid in cash; and twelve interest-bearing right and title notes of $62.41 each, payable one a month for twelve months, were executed for the balance.

On October 17, 1922, the Tri-State Motor Sales Company negotiated all of said notes, except the first one, to the plaintiff, First National Bank.

Said automobile was turned over to Horton, and was being driven by him on the night of January 3, 1923, when one of defendant's trains negligently ran over and demolished it.

On the 10th of January, 1923, the claim agent of defendant approached Horton for a settlement, was told that he had not paid for the car and to see the Motor Sales Company, which he did. The claim agent was led to

believe that the purchase money for the car was owing to the Motor Sales Company. The amount of the damage was agreed upon. The Motor Sales Company and Horton executed a joint release and received a check payable to them jointly. Horton indorsed the check and turned it over to the Motor Sales Company, but it applied no part of the proceeds in payment of the outstanding purchase-money notes.

Both the Motor Sales Company and Horton are insolvent.

This suit was instituted by the bank to recover from defendant the value of said automobile.

The trial court sustained the defendant's plea of accord and satisfaction.

Upon appeal the court of appeals reversed the trial court and entered judgment for the bank. The case was brought to this court by petition for *certiorari* filed by the defendant company.

What are the rights of the parties?

It is well settled that either the conditional vendor or vendees can prosecute an action for injury to the property by a third party. *Railway Co.* v. *Lumber Co.,* 130 Tenn., 354, 170 S. W., 591; *Harris* v. *Seaboard Air Line Ry. Co.,* 190 N. C., 480, 130 S. E., 319; cases cited in annotation 38 A. L. R., 1337.

The same rule applies where the relationship is that of mortgagor and mortgagee. 27 Cyc., 1272; *Harris* v. *Seaboard Air Line Ry. Co.,* supra; *Wilkes* v. *Southern Ry.,* 85 S. C., 346, 67 S. E., 292, 137 Am. St. Rep., 890, 21 Ann. Cas., 79.

Also where the relationship is that of bailor and bailee. 6 Corpus Juris, 1166.

A recovery by one is a bar to a recovery by the other. *Railway Co.* v. *Lumber Co.*, supra; *Harris* v. *Seaboard Air Line Ry. Co.*, supra; 6 Corpus Juris, 1166.

The underlying principle is that the bailee, vendee, or mortgagor is in rightful possession of the property, and that possession alone is sufficient to support an action for trespass or trespass on the case.

The right of the conditional vendee to sue authorizes him to compromise and settle, in good faith, so as to preclude a recovery by the conditional vendor. *Harris* v. *Seaboard Air Line Ry Co.*, supra; *Chicago, R. I. & P. Ry. Co.* v. *Earl,* 121 Ark., 514, 181 S. W., 925, Ann. Cas., 1917D, 552; *Masterson* v. *International, etc., R. Co.* (Tex. Civ. App.), 55 S. W., 577; Jones on Chattel Mortgages, section 477a, and cases cited.

Counsel for the bank cite *Lacey* v. *Great Northern Railway Co.,* 70 Mont., 346, 225 P., 808, 38 A. L. R., 1331, and *French* v. *Osmer,* 67 Vt., 427, 32 A., 254.

In the former case this question was not specifically dealt with, but was disposed of upon other questions. The latter case is not in point and can be distinguished upon several grounds.

The decided weight of authority supports our conclusion upon this question, and, upon reason, would appear to be the better rule. The law favors the settlement of disputes by compromise. In an action of this character the vendee has a clear right of action, which, ordinarily, can be settled by compromise. The parties should not have to be burdened with the trouble, expense, and delay of a suit when they are in accord as to the amount of damages.

The vendee is not such a trustee as that he cannot settle by compromise without the sanction of the vendor. While a lawyer is, in a sense, a trustee and cannot compromise with respect to the rights of his client, in the absence of express authority, it should be borne in mind that he is acting exclusively for another by employment and not with respect to any personal right.

On the other hand, the conditional vendee is acting, primarily, in his own right, and it is only when he obtains a recovery, by suit or compromise, that he becomes trustee for the vendor as to the surplus after satisfying his own demand.

We are further of the opinion that the bank, upon acquiring the notes, sustained the same relationship towards the vendee as that originally occupied by the vendor. It simply acquired the obligations of the vendee, secured by the automobile. Jones on Chattel Mortgages (4th Ed.), p. 548.

It is also insisted by the bank that since the vendee only formally executed the release and indorsed the check, and actually received no part of the $700, there was not, in fact, a settlement between the vendee and the defendant so as to preclude a recovery by the bank.

This contention is not well taken. The vendee was a party to the settlement, executed a release, and received a check, which he voluntarily turned over to the Motor Sales Company, and which could not have been cashed without his indorsement. It was within the power of the vendee to have paid his purchase-money notes, and his negligence in failing to do so cannot be charged to the defendant.

We are referred to a case decided by the court of appeals where one of the indorsing payees of a check was held not bound, but that was a case of fraud and is not in point. Here there is no claim that the vendee executed the release and indorsed the check through fraud.

For the reasons indicated above, the judgment of the court of appeals is reversed and that of the circuit court affirmed.