UNION RAILWAY COMPANY *v.* REMEDIAL FINANCE COMPANY.

(*Jackson,* April Term, 1931.)

Opinion filed July 18, 1931.

CANALE, WILLIAMS & RUSSELL, for plaintiff in error.

A. G. RILEY and CHARLES L. GLASCOCK, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

One Bowling, in possession, as a conditional vendee, of an automobile, the title retention notes being held by Remedial Finance Company, suffered a collision with Union Railway Company's car. He was injured and the automobile was wrecked. He brought suit for injuries to himself and for damages to the automobile. Before the

trial he died and the suit was revived in the name of his administrator, who recovered for the personal injuries, but nothing for the damages to the automobile, it appearing that the administrator either abandoned prosecution of this claim, or inadvertently failed to offer any proof to support it, and the trial Judge charged the jury as follows:

"The court instructs you that there is no evidence in the record as to the value of this automobile, either before or after the collision. And you would have to guess as to what the damage to the automobile would be; and that is not permissible. There must be some evidence to show what the automobile was worth before and what it was worth after. Some evidence to show what was the reasonable cost of repairing the damage. But there is no evidence as to that offered in the record. The only evidence bearing upon that was some witnesses testified that the plaintiff, Mr. Bowling, several months before the accident, bought an automobile from some company here and paid some certain figure for it. There is no evidence before the court that that was the same automobile that was in the collision. Even what an automobile, anyway, (cost) is not the measure of damages. What was the reasonable value of the automobile worth after the collision, is the way to prove the damage to a car. So the court instructs you that you could not consider the question of any damage to the automobile, because there is no sufficient evidence to justify the jury to do more than to guess about that, and that, as I say, is not permissible in the law."

The jury rendered the following verdict:

"We the jury find for the plaintiff compensatory damages to the amount of $250, and punitive damages to the amount of $250."

Judgment was entered accordingly for $500. There was no appeal.

Subsequently the Finance Company brought this suit as the title owner for damages to the automobile. The Railway filed a plea of not guilty and a special plea of *res judicata,* setting up that the original suit by the conditional vendee was a bar to this suit by the conditional vendor. The trial Judge overruled the plea, being of opinion that in the former case the issue of damages to the automobile was withdrawn from the jury and not disposed of on its merits, and the amount of damages to the car being stipulated at $400, entered judgment accordingly. The Court of Appeals reversed the judgment. Petition for *certiorari* has been granted and argument heard.

We are constrained to adopt the view of the Court of Appeals that the instruction given by the trial Judge in the original suit was, in effect, a directed verdict, rather than, as contended, a nonsuit; with the result that the judgment rendered was on the merits. Undoubtedly, a right, in common with that of the vendor, to bring the action in the first instance for damages to the car was in the conditional vendee. *First Nat. Bk.* v. *Union Ry. Co.,* 153 Tenn., 386; *Ry.* v. *Lumber Co.,* 130 Tenn., 354; *Harris* v. *Seaboard Air Line R. Co.,* 190 N. C., 480; Freeman on Judgments, Sec. 482 (5th Ed.).

As we understand the position of counsel, it is conceded that this right to bring and maintain the action was in either of the interested parties. We understand it to be further conceded that if the action had resulted in a recovery, that is a judgment in any amount for the injury to the car, both parties would have been precluded from maintaining a second suit. The contention for petitioner is then reduced to this,—that a judgment on the merits

favorable to the plaintiff is conclusive on both the conditional vendor and the conditional vendee, but that a judgment on the merits unfavorable to the plaintiff is not so conclusive. Conceding that the common use of the phrase ''recovery'' and ''satisfaction'' in opinions holding the bailor precluded by the original action affords plausible ground for this argument, we are unable to approve this distinction, so opposed to the well established rule of *res adjudicata* under which judgment on the merits precludes a second action, without regard to whether the plaintiff wins or loses. We are of opinion that the use commonly employed of the phrases ''recovery'' and ''satisfaction'' is an incident without the significance sought to be given it by petitioner, a natural consequence of the fact appearing in each case under consideration that there had been a ''recovery.'' We have been cited to no case and have discovered none in which the common right of the bailor and bailee, or the conditional vendor and his vendee, has been declared, in which the facts in the case did not show that there had been a recovery to some extent. That the books fail to show cases passing on this question in which a trial on the merits had been had with a result unfavorable to the plaintiff in the former action plead, is not surprising, since in practice it would rarely happen that an attempt would be made to reopen in a second suit a case which had on its merits resulted in a verdict charging the defendant with negligence, particularly a verdict which in effect finds that there was no damage to the property involved, while at the same time holding the defendant guilty of such negligence as would entitle the plaintiff to recovery, provided his property had suffered injury.

■ We quote this excellent statement of the general rule from the leading case of *Green* v. *Clark*, 12 N. Y., 343, (cited by Mr. Freeman):

"It is a general rule that a bailee having a special property and the general owner may either of them sustain an action for the conversion of or an injury to property in which they are interested. The right to sue is indispensable to enable each to protect his particular interest, but as the law will not suffer a defendant to be twice harassed for the same cause, only one suit can be brought and it will be a bar to every other. (1 Bos. & Pul., 47; 7 Cowen, 328; 1 M. & Selwyn, 147.)"

This and similar statements of the rule obviously assume that privity between the parties which is the equivalent of that identity of parties required by the *res adjudicata* rule. The holding of our cases "that the party sought to be concluded should have sued or been sued in both cases in the same capacity or character, and to enforce the same right," (*Harris* v. *Water & Light Co.*, 114 Tenn., 338; *Melton* v. *Pace*, 103 Tenn., 484), is complied with when this privity exists.

The theory advanced that the requisite privity arises only when and not until a recovery is had by one of those in interest, upon which happening a trust relationship arises, is not fairly deduced from the language cited in *Bank* v. *Union Ry. Co.*, *supra*. In that case, recognizing that the party recovering does become a trustee for his bailor or vendor, as the case may be, the Court was discussing the limitations imposed by this relationship. The Court expressly says that it is only when the conditional vendee "obtains a recovery, by suit or compromise, that he becomes trustee for the vendor," etc. The right to maintain the action is not dependent on the recovery by

plaintiff of a sum for which he is bound to account to his bailor or vendor.

If in the instant case the result of the original action, because of failure to carry the burden of proof, either as to the alleged negligence of the defendant, or the establishments of injury, had been a verdict by the jury for the defendant, the conditional vendor would have been precluded. It can hardly be questioned that this is equally the result of a directed verdict.

It is plain that the action originally brought was for the alleged damage to the car,—as well as to the person.

In this view we find it unnecessary to discuss the interesting questions learnedly briefed of the effect on the right of action of a conditional vendor of a former suit brought by the vendee, which was not determined on the merits, in which case it is plausibly argued that the rights of a conditional vendor, or a bailor, are not cut off when there has been a failure of recovery in satisfaction, in some degree, of his claims. If having the right to sue, one, in the relationship of conditional vendee, or bailee, does sue, and there is a trial on the merits of the issue of liability for the identical injury which is the basis of his vendor's or bailor's right of action, both parties are precluded. We understand this to be well settled, both under the general doctrine of *res adjudicata,* and by application of the rule against the splitting of actions followed in our cases of *R. R.* v. *Mathews,* 115 Tenn., 172, and *Smith* v. *C. N. O. & T. P. Ry.,* 136 Tenn., 282.

In cases such as *Milsaps* v. *Crofts,* 159 Tenn., 582, wherein the right of the same person to maintain two suits for damages growing out of the same wrong, when brought in different capacities, is sustained, there was (1) no common right of recovery, and (2) the first suit

was not in fact brought seeking that recovery to which in a different capacity the plaintiff was entitled.

As before suggested, stress has been plausibly laid by counsel for petitioner on that portion of the language employed in our cases, and used by the author of Freeman on Judgments,—*"if a recovery has once been had for the unlawful act, no subsequent suit can be maintained."* We underscore the words relied on. But one is equally precluded by an adverse judgment in a former suit, brought by a party entitled to maintain it, and tried on the merits, even if it should be conceded that one of two parties having equal right to bring an action would not be precluded by a former suit brought by one of them in which (a) no recovery was sought for the element of damages in which he was interested, or (b) no judgment on that issue was had on the merits. We have no such case here, as already pointed out.

Giving application to these views, the judgment must be affirmed.