MELVIN BUTLER et al., Appellees,

*v.*

GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant.

(*Nashville,* December Term, 1957.)

Opinion filed April 9, 1958.

JACOBS H. DOYLE, Nashville, for appellant.

Melvin B. Butler, Jack J. Green, Nashville, for appellees.

Mr. Justice Tomlinson delivered the opinion of the Court.

The Chancellor allowed defendant, General Motors Acceptance Corporation, an appeal from decree overruling its demurrer to the bill of complainants, Melvin Butler and Jack Green.

Deloris Stringfellow was the conditional vendee of an automobile. The conditional sales contract and notes were acquired by General Motors Acceptance Corporation from the conditional vendor. Subsequently this automobile, which remained in the possession of the conditional vendee, was damaged as a result of negligence upon the part of Reelfoot Alfalfa Mill Company. The vendee employed complainants, Butler and Green, attorneys, to recover such damages. They were to be paid for their professional services one-third of the amount of the recovery. As a result of their efforts, Reelfoot Alfalfa Mill Company through its insurer, United States Fidelity and Guaranty Company, agreed with this vendee to a settlement of the claim for $726.25. This insurer accordingly issued its draft for this amount payable to the order of (1) the vendee, (2) these attorneys, and (3) General Motors Acceptance Corporation.

In connection with the fact that General Motors Acceptance Corporation is named as one of the payees in the draft, attention is directed to the allegation of the bill that General Motors "did notify the said United States Fidelity and Guaranty Company that they were claiming interest in any property damage settlement of said case and requested that their name be included on a property settlement draft". By reason of its demurrer General Motors admits the truth of this allegation.

The refusal of General Motors to endorse the draft resulted in the filing against it of this bill by these attorneys, wherein the relief sought is that defendant be either required to endorse the draft or that its name be stricken therefrom, the draft cashed and its proceeds distributed by the Court according to the interest of the

parties after payment therefrom of complainants' fee. The draft is made an exhibit to, and part of, the bill.

Defendant's demurrer is that the bill does not state a case for relief. Its position seems to be that these attorneys are not entitled to any part of the proceeds of this draft, their professional services and contract with the conditional vendee notwithstanding. Its insistence is that (1) "no legal relationship" exists between it and these attorneys; (2) liability is not created by reason of its being benefitted as a result of the attorneys' services; (3) an attorney's lien "is a creature of statute", and the statute must be pursued; (4) the "proposed settlement has never been accepted" by it; (5) the "lien must be asserted in the proceedings involving the recovery and cannot be asserted in a subsequent chancery proceedings", citing *Chumbley v. Thomas*, 184 Tenn. 258, 198 S.W. 2d 551.

*First National Bank v. Union Railway Company*, 153 Tenn. 386, 284 S.W. 363, 364, holds that (1) "either the conditional vendor or vendee can prosecute an action for injury to the property by a third party"; and (2) "the right of the conditional vendee to sue authorizes him to compromise and settle, in good faith, so as to preclude a recovery by the conditional vendor"; and (3) a party acquiring the purchase money notes "sustained the same relationship towards the vendee as that originally occupied by the vendor".

It follows that General Motors' insistence of no legal relationship between it and the vendees' attorney and its insistence that it has never accepted "the proposed settlement" are immaterial to the issues made by

the bill. The conditional vendee had the authority to prosecute the suit and make a good faith settlement releasing the third party *tort-feasor* without the consent of the conditional vendor or General Motors, the assignee-endorsee, of the conditional sales contract and notes. No other construction of *First National Bank v. Union Railway Company, supra,* is logically permissible.

The right of the conditional vendee to prosecute the claim by suit or otherwise necessarily includes the right to employ attorneys for that purpose, and to contract with them for payment for their services out of the recovery. Thus, in so far as it applies to the conditional vendee, these attorneys, appellees here, are entitled to one-third of the proceeds of this draft. They are, then, equitably entitled to an endorsement by such conditional vendee of the draft to the end that they may collect their fee, as per agreement. Such endorsement appears on the draft.

By the same token, these attorneys would seem to be entitled to the endorsement by General Motors Acceptance Corporation of this draft, its name having been inserted therein as a payee at its request.

▮ The insistence that the alleged lien cannot be asserted except "in the proceedings involving the recovery" necessarily is an insistence that there is no attorney's lien in the absence of litigation. In response to that argument in *Pleasants v. Kortrecht,* 52 Tenn. 694, this Court said that "we cannot appreciate the force of this argument". That observation seems to be the rule generally accepted. In 7 C.J.S. Attorney and Client, sec. 228, page 1170, the text is that the "lien of an attorney may attach to the fruits of his labor in whatever manner

they may be realized so long as they result from his exertions". It is said in *Manson v. Stacker*, Tenn.Ch., 36 S.W. 188, 190-191, that if the lawyer has acquired a lien on property to secure his fee "he is entitled to come into this court to enforce that lien".

General Motors insists that the lien asserted here is not created by statute and did not exist at common law. Our cases seem to proceed on the theory that it did so exist. Read *Manson v. Stacker, supra.* The text of 7 C.J.S. Attorney and Client, sec. 228, page 1172, does observe that it is a lien of a peculiar nature based on natural equity and, according to that text, whether it did or not technically so exist at common law it is the right of the attorney to the equitable interference of the Court. *Brown and Reid v. Bigley*, 3 Tenn.Ch. 618, 624, says that this equitable lien will be enforced "without much respect for the technical restrictions of the common law", observing that it is "both natural and wise that the lien of the lawyer on the fruits of his professional labor should be treated as equitable rather than legal".

The principle underlying the right of a lien for attorney's fee is that there has been a recovery of money in behalf of a party by the efforts of his counsel. *Pleasants v. Kortrecht, supra; Southern v. Beeler*, 183 Tenn. 272, 301-302, 195 S.W. 2d 857. Heretofore pointed out is the fact that the right to such a lien exists when a recovery was had without litigation as well as when it results from litigation. *Chumbley v. Thomas, supra,* is not to the contrary. It simply holds that where the recovery is the result of a particular suit the lien must be declared and enforced in that suit.

The proceeds represented by this draft is a recovery had by reason of the efforts of the attorneys who are appellees here. They were employed by a vendee who was entitled individually and as trustee for General Motors Acceptance Corporation (*First National Bank v. Union Railway Company, supra,* 153 Tenn. at page 391, 284 S.W. at page 365) to cause such efforts and to contract for payment to them out of the recovery. Under the authorities, therefore, they are entitled to payment of their fees out of the proceeds of this draft. To that end it seems, as matters now stand, that the endorsement of General Motors Acceptance Corporation is necessary. It became a payee to that draft at its own request. It is inequitable that it be permitted to defeat plaintiff's lien by withholding such endorsement. So the decree of the Chancellor overruling the demurrer is affirmed with costs of the appeal adjudged accordingly, and the cause remanded for further proceedings.