Guild v. Borner.

J. C. GUILD v. C. W. BORNER AND WIFE.

ATTORNEY'S LIEN. A solicitor who fails to have the court, in which he appeared on behalf of his client, to declare his fee a lien on the property protected by his services, cannot afterwards, by bill in chancery, assert and have such a lien declared in his favor.

FROM TIPTON.

Appeal from the Chancery Court. JAMES FENTRESS, Chancellor.

PEYTON J. SMITH for complainant.

ISAAC M. STEELE for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

Complainant seeks, by attachment, to enforce his lien, as a solicitor, for services rendered for defendants in the case of P. Townsend, Jr., &c., v. J. W. H. Townsend, Ex'r, &c. The facts of that case are reported in 4 Col., 70. It appears that P. Townsend, Jr., filed the bill as administrator with the will annexed of P. Townsend, Sr., deceased, against the devisees of John Booker, deceased, in which it was alleged that upon the death of P. Townsend, Sr., in 1825, his widow, who afterwards intermarried with John Booker, suppressed and concealed his will, which suppression and concealment were acquiesced in and

continued by her husband, John Booker; that a large real and personal property in this way came into the possession of John Booker, which, upon his death, he devised to defendants. The will having been discovered and probated in 1858, P. Townsend, Jr., as administrator with the will annexed, filed his bill in the Chancery Court at Covington to have the will set up, and to reach the property devised by John Booker, and for an account. In that suit complainant Guild was the solicitor of a portion of the devisees of John Booker, deceased. A decree was rendered in favor of P. Townsend, Jr., as administrator, and on the account ordered a judgment was rendered in his favor against the devisees of John Booker, deceased, for about $51,000. Upon this appeal to the Supreme Court, in 1867, this decree for $51,000 was suspended, with leave to the devisees of John Booker to institute proceedings, in the County Court of Sumner county, to contest and set aside the probate of the will of P. Townsend, Sr., which had been probated in common form in that court in 1858. Complainant, as solicitor for John Booker's devisees, instituted the proceeding, and after long, laborious and expensive litigation in the County, Circuit and Supreme Courts, finally succeeded in having the probate of P. Townsend, Sr.'s will set aside and annulled, and consequently in relieving Booker's devisees from the judgment for $51,000 rendered against them in the Chancery Court at Covington. For the services rendered by complainant as solicitor for the defendants in that suit, he claims that $2,000 would be reasonable com-

pensation; but no lien was declared therein, securing to him the means of enforcing payment of his compensation. Claiming to have such lien as solicitor, complainant files his bill against the devisees of John Booker, and has procured attachments to be levied on real estate.

The bill was demurred to for want of equity, and the demurrer being sustained, the bill was dismissed, and complainant has appealed.

Of the value of the services rendered by complainant, and of the reasonableness of his claims for compensation, we entertain no doubt; but he failed to make any application to the court, when the suit was terminated, to have a lien declared to secure his compensation. The property attached was not directly involved in the litigation, and was not recovered by the decree in the case. There was a personal judgment for $51,000 against the devisees of John Booker, and it was only indirectly, if at all, that the property attached was involved in the case. Complainant was solicitor for the devisees of Booker, who were the defendants in the suit, and complainant, as their solicitor, succeeded in relieving them from the consequences of this heavy judgment, and in that way enabled them to retain their property. We know of no principle of law upon which a lien can now be declared to exist for the services so rendered, even if such lien could have been declared in the case when finally determined, upon which it is not necessary to express any opinion. As complainant has no lien, it follows that there was no ground to support the at-

tachment. The decree of the Chancellor sustaining the demurrer and dismissing the bill was therefore correct, and it is affirmed with costs.