## GARNER v. GARNER.

LIEN. *Attorneys not entitled to.* *When.* The solicitor of the defendant, in a suit to establish a resulting trust in the client's land, is not entitled to a lien on the land for the compensation due him for his professional services, although the suit be successfully defended.

### FROM JEFFERSON.

Appeal from the Chancery Court at Dandridge. H. C. SMITH, Ch.

DEWRY and J. B. MEEK for complainant.

———— ———— for defendant.

COOPER, J., delivered the opinion of the court.

The complainant sought to establish a resulting trust in land, the title to which was in the defendant, but the bill was dismissed at this term. The solicitor of the defendant now moves the court to declare a lien on the land in his favor for the compensation due him for professional services in conducting the defense. The language used in some of the cases seems to justify such an extension of the lien. But the question has been recently considered by the court, and the conclusion reached in unreported cases that the lien only exists in the case of the actual recovery of land by a suit instituted for the purpose, just as at common law, the lien was on the money judgment recovered. The lien is declared to exist from the commencement of the suit, manifestly contemplating a suit for the specific property, and the doctrine, although an extension of the principle of the common law may be sustained upon the ground that the *lis pendens* is notice to all the world of the plaintiff's right, and no great harm can result from carving out of this right a lien in favor of the attorney running *pari passu* with the lien of *lis pendens*. But the *lis pendens* is no notice to any one of the defendant's rights, which stand precisely as if no suit were pending, and, consequently, a lien on that right, without contract, would be without any rule or analogy to support it, besides being in conflict with the policy of our registration laws. Perhaps, the safer rule would be to hold that the lien cannot be extended to services which merely

protect an existing title or right to property, and only applies where there has been ~~no~~ actual recovery. It is sufficient in this case to rule that the solicitor of the defendant is not entitled to the lien, as the court has already done in the unreported cases referred to. The motion is disallowed.