CHUMBLEY *v.* THOMAS *et al.*

(*Nashville,* December Term, 1946.)

Opinion filed January 11, 1947.

Rehearing denied February 1, 1947.

JOHN A. CHUMBLEY, of Manchester, for appellant.

DAVID W. SHIELDS, JR., of Manchester, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The complainant, John A. Chumbley, is a solicitor of the Coffee County bar and resides at Manchester. He filed this bill to collect a solicitor's fee of $300 which he claims is due him. The bill sets out that he was attorney for the defendant, Mrs. L. A. Thomas, wherein Mrs. Thomas was complainant and T. E. Martin was defendant. T. E. Martin died. Later, his widow brought a suit against Mrs. L. A. Thomas and also the heirs of T. E. Martin brought a suit against Mrs. Thomas. The subject matter of the suits was a house and lot at Manchester. The court decreed in those cases that Mrs. T. E. Martin had a life estate in the house and lot and that Mrs. Thomas, whom complainant then represented, had a remainder interest.

Complainant's bill then sets out that a decree was presented to him for his approval in the Martin cases; that this decree provided for a lien on said property for his fee as solicitor; that the decree was altered before it went down on the minutes; and that this alteration removed the provision about his fee as solicitor without his knowledge or consent.

The bill further sets out that Mrs. Thomas obtained her deed to this property from complainant with the expectation of selling her interest; that complainant advised Mrs. Thomas that his fee would have to be paid and he had a lien therefor; that Mrs. Thomas sold the property to the defendant, W. T. Roden; and that both

Mrs. Thomas and Roden knew that complainant had a lien on said property for his legal services.

The defendant, W. T. Roden, filed a demurrer to the complainant's bill, which was sustained by the chancellor and the bill dismissed as to him.

The complainant has appealed to this Court and relies on section 8035 of Williams' Code, which provides as follows:

"Lien of attorney of record in court of record.—Attorneys and solicitors of record who begin a suit in a court of record shall have a lien upon the plaintiff's or complainant's right of action from the date of the filing of the suit. (1899, ch. 243, sec. 1, Modified.)"

In *Hunt* v. *McClanahan,* 48 Tenn. 503, 510, the Court said:

". . . an attorney is entitled to an equitable lien on the property or thing in litigation for his just and reasonable fees, and that the client cannot, while the suit is pending, so dispose of the subject matter in suit as to deprive the attorney of his lien, nor afterwards to any purchaser, with notice. The pendency of the suit is, of itself, notice to all persons, and the lien may be preserved and the notice extended, by stating its existence in the judgment or decree."

In *Guild* v. *Borner,* 66 Tenn. 266, the syllabus reads as follows:

"A solicitor who fails to have the court, in which he appeared on behalf of his client, to declare his fee a lien on the property protected by his services, cannot afterwards, by bill in chancery, assert and have such a lien declared in his favor."

██ These two cases were decided before the enactment of the Code provision above referred to—that is before 1899; but we think the principles and reasons set

out in *Guild* v. *Borner, supra,* are controlling in the instant cause. In order for a solicitor to have the benefit of his lien, we think it necessary that it should be set up in the decree in which the services are rendered; otherwise there would be no notice to the public or a subsequent purchaser. Even though the defendant Roden was told of a lien, none in fact existed in the decree. This is not a suit to impeach or set aside the decree.

It appears that complainant seeks to have a lien set up for services rendered his client in three cases. One where Mrs. Thomas was the complainant and the other two where she was the defendant. Certainly, the statute makes no provision for a lien where the services are rendered by the solicitor for the defendant. This being true, complainant's bill was demurrable on that ground.

We find no error in the decree of the chancellor dismissing complainant's bill as to the defendant Roden and it is affirmed.