In re Janice Lee Burson KING, Debtor.

**LAW OFFICES OF BOYD & BOYD, P.C., Plaintiff,**

v.

**Janice Lee Burson KING, Defendant.**

Bankruptcy No. 84–11024.
Adv. No. 85–0006.

United States Bankruptcy Court,
W.D. Tennessee, E.D.

March 8, 1985.

Joseph M. Boyd, Jr., Dyersburg, Tenn., for plaintiff.

Billy R. Barron, Trenton, Tenn., for defendant.

1.  Tenn.Code Ann. § 23–2–102 states as follows:

## MEMORANDUM OPINION AND ORDER

WILLIAM B. LEFFLER, Bankruptcy Judge.

The issue is whether the Law Offices of Boyd & Boyd (hereinafter referred to as the Plaintiff), by virtue of Tennessee's statutory attorney's lien, can collect legal fees owed to the Plaintiff by Janice Lee Burson King (hereinafter referred to as the Defendant) by exercising his lien on the $600.00 per month alimony payment that is received by the Defendant as a result of a divorce proceeding from which the Plaintiff's legal fees arise.

Upon consideration of the testimony and exhibits at trial, oral arguments of counsel, and the entire record, the Court makes the following findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052(a).

### FINDINGS OF FACT

The Plaintiff represented the Defendant in divorce proceedings in the Chancery Court of Lake County, Tennessee. The last order in the cause was filed by the Clerk for the said Chancery Court on April 8, 1983. The divorce decree awarded the Defendant $600.00 per month for ten years as alimony. The divorce decree does not award the Plaintiff attorneys fees. The Plaintiff billed the Defendant $3,812.57 for his services. The Defendant has made no payments to the Plaintiff.

On November 14, 1984, the Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Act. The Defendant listed the Plaintiff as an unsecured creditor in the amount of $3,812.57. The Defendant seeks to discharge the debt. The Defendant disputes neither the existence nor the amount of the Plaintiff's bill.

The Plaintiff's contention is that under Tenn.Code Ann. § 23–2–102 it has a lien on the Defendant's alimony award that secured his right to payment of the attorneys fee.[1]

Lien on right of action.—Attorneys and solicitors of record who begin a suit shall have a lien

## CONCLUSIONS OF LAW

The Court finds that the case of *Chumbley v. Thomas*, 198 S.W.2d 551 (1947) is controlling in the instant proceeding. In *Chumbley*, the Tennessee Supreme Court states: "In order for a solicitor to have the benefit of his lien, we think it necessary that it should be set up in the decree in which the services are rendered; otherwise, there would be no notice to the public or a subsequent purchaser." at p. 552.

The divorce decree entered by the Lake County Chancery Court makes no mention of the Plaintiff's attorneys fees. Therefore, the Plaintiff does not have a lien; he is merely an unsecured creditor. Since there was no proof offered on the allegation of nondischargeability, the debt is hereby discharged.

upon the plaintiff's or complainant's right of action from the date of the filing of the suit.