**Alfred M. COBB, d/b/a/ Cornerstone Systems, Inc., Plaintiff-Appellee,**

v.

**HALLMARK STUDIOS, INC., Defendant-Appellant.**

Court of Appeals of Tennessee, Western Section, at Knoxville.

Oct. 16, 1985.

Application for Permission to Appeal Denied Jan. 27, 1986.

Harry Berke, Berke, Berke & Berke, Chattanooga, for plaintiff-appellee.

Richard P. Jahn, Sr., Jahn, Anderson, Bridges, Jahn & Taintor, Chattanooga, for defendant-appellant.

HIGHERS, Judge.

This appeal involves the question of a set-off when each party has judgment against the other.

On June 20, 1984, in the Circuit Court in Hamilton County, judgment was entered against Hallmark Studios, Inc. (Hallmark) in favor of Alfred M. Cobb (Cobb) in the amount of $36,600. Pursuant to a counterclaim, judgment was simultaneously entered against Cobb and in favor of Hallmark in the amount of $29,100.

On August 8, 1984, Cobb issued a garnishment against Hallmark for the full amount of the judgment. Hallmark moved on August 14, 1984, to quash the garnishment and asserted its judgment of $29,100 as a set-off against the amount of Cobb's judgment. An agreed order was entered on August 31, 1984, quashing the garnishment by $29,100, leaving a balance of $7,500.

On August 27, 1984, however, Hallmark filed an amended motion to quash in which it not only asserted a set-off for its judgment of $29,100 in the counterclaim, but also for a $7,000 judgment against Cobb in the General Sessions Court in favor of James E. Lawson, chairman of the board of Hallmark. The General Sessions judgment was assigned to Hallmark by Lawson on June 19, 1984. The trial court denied the set-off as to the judgment from the General Sessions Court, leaving $7,500 collectible on the original judgment for Cobb in the Circuit Court. From this action of the trial court, Hallmark has appealed.

■ The trial court cited *Wilson v. Reaves*, 36 Tenn. (4 Sneed) 173 (1856), for the rule that a judgment may be offset only if the offsetting judgment was obtained before commencement of the suit. This case is inapplicable, however, to the facts at hand because it involved a judgment sought to be set off against a claim during trial. Those facts present a different issue than that which is before us.

It is well settled in Tennessee that judgments may be set off against judgments. *Hadley v. Hickman*, 9 Tenn. (1 Yerg.) 501

(1831); *Rutherford v. Crabb*, 13 Tenn. (5 Yerg.) 112 (1833); *Clift v. Martin*, 63 Tenn. (4 Baxt.) 387 (1874); *Sneed v. Sneed*, 82 Tenn. (14 Lea) 13 (1884).

In *Clift v. Martin, supra*, Martin recovered judgment against Clift in the amount of $139.02, but Clift was the owner of a judgment against Martin for some $100.00. The Chancellor "properly applied so much of the judgment of Martin against Clift as was necessary to the satisfaction of Clift's judgment for $100." 63 Tenn. (4 Baxt.) at 388. Martin was then given judgment for the balance remaining against Clift. The facts in that case are similar to those in the instant case, and the same principles control.

It makes no difference in a set-off of judgment against judgment whether the judgment was acquired before the filing of a suit so as to be set off against the pending claim, because there is no pending claim. All are reduced to judgments.

The trial court also denied the set-off because it was held that the lien of Cobb's attorneys was superior to the right of Hallmark to apply the judgment. Hallmark argues that a lien for attorney fees must be provided for in the judgment, citing *Chumbley v. Thomas*, 184 Tenn. 258, 198 S.W.2d 551 (1947).

T.C.A. § 23–2–102 provides:

Lien on right of action—Attorneys and solicitors of record who begin a suit shall have a lien upon the plaintiff's or complainant's right of action from the date of the filing of the suit.

In *Chumley v. Thomas, supra*, the foregoing statute was construed by the Court, and it was held: "In order for a solicitor to have the benefit of his lien, we think it necessary that it should be set up in the decree in which the services are rendered; otherwise there would be no notice to the public or a subsequent purchaser." 198 S.W.2d at 552.

The statute simply gives an attorney a lien pending the litigation on anything involved, i.e., land or money paid in Court. The attorney may continue the lien after

judgment by so providing in the order of judgment. Failure to do so results in the loss of the lien.

It follows that the judgment of the trial court is reversed, and Hallmark is granted a set-off against the judgment of Cobb in the amount of its offsetting judgment. Cobb is given judgment for any amount remaining due on his judgment after allowing proper credit to Hallmark. The case is remanded for entry of judgment. Costs are adjudged against Cobb.

NEARN, P.J., (W.S.) and CRAWFORD, J., concur.