IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 10, 2000 Session

## JUDD'S INCORPORATED v. DORIS L. MUIR, ET AL.

**Direct Appeal from the Chancery Court for Cocke County**
**No. 95-192  Telford E. Forgety, Jr., Chancellor**

**FILED NOVEMBER 16, 2000**

**No. E1999-01836-COA-R3-CV**

---

In this appeal Doris and Allan Muir insist that the Chancellor was in error in not allowing their homestead exemption as to certain funds realized from the sale of real estate to satisfy a judgment previously entered against them. Their attorney, W. Richard Baker, Jr., insists that the Chancellor was in error in not enforcing a lien for his attorney fees that he claimed was properly perfected as to the same funds. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;
Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ, joined.

W. Richard Baker, Jr., Knoxville, Tennessee, for the Appellants, Doris L. Muir and Allan T. Muir

James H. Ripley, Sevierville, Tennessee, for the Appellee Judd's Incorporated

Edward H. Hamilton, Sevierville, Tennessee, for the Appellee Holladay-Tyler Printing, Inc.

### OPINION

Doris L. Muir and husband, Allan T. Muir, appeal a judgment of the Chancery Court for Cocke County, insisting that the Trial Court should have granted them a homestead exemption as to monies realized from the sale of certain property sought to be attached and ultimately sold to satisfy judgments in favor of Judd's Incorporated and Holladay-Tyler Printing, Inc.

Counsel for the Muirs appeals the Trial Court's refusal to enforce an attorney's lien, which he contends he is entitled to in his unsuccessful defense of the Muirs.

By way of background, Plaintiff Judd's, Incorporated, sought a judgment against Defendants Doris L. Muir and her husband Allan T. Muir, for printing and related services furnished in connection with a magazine entitled, "Muir's Original Log Home Guide." The suit also sought attachment of certain property owned by the Muirs.

Judd's also made as a party defendant another potential creditor of the Muirs, Holladay-Tyler Printing, Inc., which filed a cross action against the Muirs to recover printing charges incurred by Muir's Original Log Home Guide.

After a plenary hearing, the Chancellor found that under the facts developed it was appropriate to pierce the corporate veil and, consequently, rendered a judgment in favor of Judd's and Holladay-Tyler against both Mr. Muir, who was sole stockholder of the Corporation, and Mrs. Muir, who was president and only officer of the Corporation.

The case was appealed to this Court, and in an unreported opinion filed on June 26, 1998, the judgments were affirmed and the cause remanded.

Upon remand the Muirs filed a motion to have their $7500 homestead exemption enforced out of the monies paid into the court after the sale of the real estate. Thereafter, their counsel moved, after payment of Homestead, to enforce an attorney's lien, which he contended was properly perfected, predicated upon a letter contract entered into with Mr. Muir, dated March 25, 1996.

We conclude that as to the homestead claim of the Muirs, the Trial Court was correct in finding they were not entitled to it because their principal residence, as shown by the answer to Judd's original suit and their answer to Holladay-Tyler's cross action, and as specifically found both by the Chancellor and this Court, was not in this State, but rather the Cayman Islands.

As to the claim for attorney fees, we find the Trial Court was also correct in finding that the statute allowing attorney fees does not apply to defense counsel, but only a plaintiff's counsel who has secured an award of monies or other property for his client.

The statute providing for attorney's liens is found in T.C.A. 23-2-102:

> **23-2-102. Lien on right of action.** -- Attorneys and solicitors of record who begin a suit shall have a lien upon the plaintiff's or complainant's right of action from the date of the filing of the suit.

Before the foregoing statute was enacted in 1899, our appellate courts had found under certain circumstances attorneys would be entitled to a lien on property in the custody of the court. The principle appears to have been first recognized in the case of Hunt v. McClanahan, decided in the September Term of the Supreme Court in 1870, and found in 48 Tenn. at page 503, which declared that attorneys would have a lien upon property recovered or protected by their

services. The term "protected by" would seem to apply to attorneys representing a defendant. Two other cases were decided before passage of the statute in question. Hill v. Ford, 3 Tenn.Cas. 531 (1875), holds that a defendant's counsel is entitled to a lien even in the absence of a contract for services with a client. Hill, however, was specifically overruled by a later case, Garner v. Garner, 69 Tenn. 29 (1878), which holds that "the lien only exists in the case of the actual recovery of lands by a suit instituted for that purpose." Garner, however, does suggest that if there had been a contract between counsel and client a different result might have resulted.

Two cases have been decided since the statute in question was enacted. In Butler v. Givens, 193 S.W. 1063 (Tenn.1917), the Court held that "in the absence of a contract, therefore, the solicitor cannot have a lien declared by the Court on realty defended and not recovered." The most recent case we have found specifically holds that only counsel for a plaintiff is entitled to claim a lien under the statute. Chumley v. Thomas, 198 S.W.2d 551 (1947). It should be noted, however, that none of the cases hold whether with contract or without contract, that unsuccessful counsel for the defendant is entitled to such a lien.

Counsel for Judd's and Holladay-Tyler contend that this Court should find that they are entitled to attorney fees incident to the appeal. We find their position to be well taken insofar as the Muirs are concerned, and upon remand the Trial Court shall hear such proof as is necessary in making an award of attorney fees against the Muirs.

For the foregoing reasons the judgment of the Trial Court is affirmed, the cause remanded for an award of attorney fees against the Muirs and collection of costs below. Costs of appeal are adjudged equally against the Muirs and their surety and W. Richard Baker, Jr., their attorney.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE