**In re William James PASS, Tylyn Timmons Pass a/k/a Tylyn Irvin, Debtors.**

**No. 98–34328.**

United States Bankruptcy Court, E.D. Tennessee.

Jan. 31, 2001.

McGehee, Newton & Wykoff, P.C., Cynthia T. Lawson, John P. Newton, Jr., Knoxville, TN, for John P. Newton, Jr., Trustee.

Harry Wiersema, Jr., Knoxville, TN, for Alan Everett.

### MEMORANDUM

RICHARD S. STAIR, Jr., Bankruptcy Judge.

Before the court is the Objection to Claims filed by the Chapter 7 Trustee, John P. Newton, Jr., on November 8, 2000. The Trustee objects, *inter alia,* to the allowance of Claim No. 9 filed by Alan Everett on November 12, 1999, as a secured claim of $6,620.00. Also before the court is Mr. Everett's Response to Objection to Claims and/or Motion to Lift Automatic Stay filed on December 20, 2000. A hearing on these contested matters was held on January 22, 2001. The record consists of the testimony of the Trustee and Mr. Everett. Eight exhibits were stipulated into evidence by the parties and two additional exhibits were admitted through the testimony of the Trustee.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(B), (K) (West 1993).

### I

This case was commenced by the Debtors' filing of a Voluntary Petition under Chapter 7 on September 28, 1998. The Debtors scheduled Mr. Everett as the holder of an unsecured nonpriority claim estimated at $6,000.00. This claim is the result of Mr. Everett's representation of Debtor William James Pass in a 1998 divorce proceeding in the Fourth Circuit Court of Knox County, Tennessee.

William James Pass and Terry B. Pass were granted a divorce and property rights were settled after a contested hearing that concluded on September 14, 1998, prior to the Debtors' bankruptcy filing. The Final Judgment was not, however, entered by the Fourth Circuit Court until October 30, 1998, one month after the commencement of the Pass bankruptcy case. The Final Judgment, which bears the approval signature of Mr. Everett, was entered nunc pro tunc to September 14, 1998. Mr. Everett testified that the state court judge required the parties' attorneys to approve the Final Judgment; that he was aware of the Debtors' bankruptcy case at the time he approved the Final Judgment; and that he did not want to give his written approval because of the automatic stay, but was threatened with contempt if he refused to do so.

The Final Judgment, *inter alia,* equally divided the parties' $30,000.00 equity interest in the marital residence. The wife's interest in the real property was vested in Mr. Pass. In exchange, Mr. Pass agreed to pay Terry Pass $15,000.00 plus interest over the following 48 months. Neither the Final Judgment nor the state court judge's Memorandum Opinion dictated at the conclusion of the September 14, 1998 trial mention attorney fees owed by the Debtor to Mr. Everett.

Mr. Pass subsequently transferred the real property to Cathy Pass for $79,900.00 without the Trustee's approval. Although not established in the record, Cathy Pass is identified as Mr. Pass' mother in his pretrial brief. The Trustee made demand on Cathy Pass to either return the property or pay the value of the transfer, which the Trustee estimated to be $11,000.00. By Order entered September 24, 1999, the Trustee was authorized to accept a $9,000.00 compromise payment from Cathy

Pass in full satisfaction of the postpetition transfer claim.

Mr. Everett filed his $6,620.00 secured claim on November 12, 1999. By letter attached to the claim, Mr. Everett asserts a statutory lien on the funds held by the Trustee. The letter also states that "[i]f the bankruptcy court does not allow this lien then this claim is simply an unsecured general claim." The Trustee's Objection to Claims disputes the asserted lien and asks the court to limit the claim to unsecured status.

## II

■ Mr. Everett asserts an attorney's lien pursuant to TENN. CODE ANN. §§ 23-2-102 and/or 23-2-103. Section 23-2-102 directs that "[a]ttorneys and solicitors of record who begin a suit shall have a lien upon the plaintiff's or complainant's right of action from the date of the filing of the suit." TENN. CODE ANN. § 23-2-102 (1994). Section 23-2-103 is similar to § 23-2-102, but provides for an attorney's lien on actions begun before the attorney's employment. That section states:

> Any attorney or solicitor who is employed to prosecute a suit that has already been brought in any court of record shall have a lien upon the plaintiff's right of action from the date of the attorney's or solicitor's employment in the case; provided, that the record of the case shall first be made to show such employment by notice upon the rule docket of such court, or a written memorandum filed with the papers in the case, or by notice served upon the defendant in the case.

TENN. CODE ANN. § 23-2-103 (1994). These two sections are mutually exclusive, as one applies to attorneys who begin a suit and the other applies to attorneys hired after a suit has already been brought. *See Bill Hudson & Assocs., Inc. v. Elf Communications, Inc.*, No. 88-251-II, 1989 WL 11875, at *3 (Tenn.Ct.App. 1989). The record contains no indication that Mr. Everett was not the initial attorney of record for Mr. Pass and the court will accordingly proceed under § 23-2-102. The analysis should be the same under either statute, although there is no case on record interpreting § 23-2-103.

The Trustee argues initially that the payment received from Cathy Pass cannot be subject to any lien claimed by Mr. Everett because the funds were never property of the Debtor. Rather, contends the Trustee, they are proceeds realized from a settlement. The court need not consider this argument because Mr. Everett does not, in any event, have a lien on the funds held by the Trustee.

■ The Supreme Court of Tennessee has grafted onto § 23-2-102 the additional requirement that the lien must be noted in the final judgment of the underlying action. *See Chumbley v. Thomas*, 184 Tenn. 258, 198 S.W.2d 551, 552 (Tenn.1947). The *Chumbley* court stated: "In order for a solicitor to have the benefit of his lien, we think it necessary that it should be set up in the decree in which the services are rendered; otherwise there would be no notice to the public or a subsequent purchaser." *Chumbley*, 198 S.W.2d at 552; *accord Law Offices of Boyd & Boyd v. King (In re King)*, 47 B.R. 1, 2 (Bankr. W.D.Tenn.1985); *but see Starks v. Browning*, 20 S.W.3d 645, 651 (Tenn.Ct.App.1999) (criticizing, in dicta, the notation requirement in disputes solely between attorney and client). The law is summarized as follows:

> The statute simply gives an attorney a lien pending the litigation on anything involved, i.e., land or money paid in Court. The attorney may continue the lien after judgment by so providing in the order of judgment. Failure to do so results in the loss of the lien.

*Cobb v. Hallmark Studios, Inc.*, 704 S.W.2d 724, 725 (Tenn.Ct.App.1985).

■ Mr. Everett cites *Starks* for the proposition that a final judgment may be amended to include an attorney's lien. In *Starks*, the plaintiff's attorneys did not

include a notation of their attorneys' lien in the order of judgment entered by the trial court on September 4, 1997. However, on the same day the judgment was entered, the attorneys moved for permission to withdraw from the case and to assert an attorney's lien on the proceeds. The Court of Appeals construed the attorneys' September 4, 1997 motion as a TENN. R. CIV. P. 59.04 motion to alter or amend the judgment to include a notation of their attorneys' lien. *See Starks,* 20 S.W.3d at 652.

This court notes that as the attorneys' motion in *Starks* was filed on the same day as the order of judgment, it was filed well within the thirty-day deadline fixed by Rule 59.04 of the Tennessee Rules of Civil Procedure for filing a motion to alter or amend a judgment. In the present case, no such timely motion was ever filed in the Fourth Circuit Court, nor did Mr. Everett timely seek stay relief from this court in order to pursue a motion to alter or amend the Fourth Circuit Court's Final Judgment. *Starks,* therefore, is of no assistance to Mr. Everett's position.

As noted, in the present case, neither the Fourth Circuit Court's Final Judgment nor its September 14, 1998 Memorandum Opinion mention Mr. Pass' attorney's fees or a lien in favor of Mr. Everett. Mr. Everett's claim is therefore unsecured.

## III

Mr. Everett correctly asserts that the automatic stay prevented him from petitioning the Fourth Circuit Court for an attorney's lien. However, he took no action to have the automatic stay modified before this court until December 20, 2000, over two years after Mr. Pass commenced his bankruptcy case, when he, Mr. Everett, requested stay relief within his response to the Trustee's objection to his claim. The Fourth Circuit Court's Final Judgment became final thirty days after its entry. *See Algee v. State Farm Gen. Ins. Co.,* 890 S.W.2d 445, 447 (Tenn.Ct.App.1994). While that judgment, or portions thereof,

may have been voidable upon the filing of a proper motion, no such motion was ever filed. *See Easley v. Pettibone Mich. Corp.,* 990 F.2d 905, 910 (6th Cir.1993). The court will not now modify the automatic stay to permit Mr. Everett to seek to alter or amend a state court judgment that has been final for almost two and a half years.

The Trustee's objection to Mr. Everett's claim will be sustained. Mr. Everett's automatic stay motion will be denied. An appropriate order will be entered.