IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 8, 2003 Session

## JOAN C. SCHMITT v. JAMES CHARLES SMITH
## IN RE: S. DENISE MCCRARY v. JOAN CAROL SCHMITT

**Appeal by permission from the Court of Appeals**
**Circuit Court for Shelby County**
**No. 158942 R.D.     George H. Brown, Jr., Judge**

---

**No. W2000-01726-SC-R11-CV - Filed October 30, 2003**

---

The issues in this case are whether the lien for attorney's fees was properly preserved, and if so, whether a separate action was required to enforce that lien. The trial court found that the lien had been properly preserved and enforced it in the amount of $37,332. On direct appeal, the intermediate court reversed that judgment and held that the attorney's failure to note the lien in the final judgment as required by Chumbley v. Thomas, 198 S.W.2d 551 (Tenn. 1947), or to amend the judgment to include a notation of the lien, was fatal to the preservation and enforceability of the lien. We granted permission to appeal to revisit and reconsider the "notation" requirement of Chumbley. After careful consideration, we now overrule Chumbley to the extent that it requires an attorney's lien be noted in the final judgment. We also hold that the lien in this case was properly enforced in the court in which the matter was litigated. Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the trial court for enforcement of the lien and a determination of attorney's fees on appeal.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed and Case Remanded to the Circuit Court for Shelby County**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Mitzi C. Johnson and Kay Farese Turner, Memphis, Tennessee, for the appellant, S. Denise McCrary.

James F. Schaeffer, Jr., Memphis, Tennessee, for the appellee, Joan C. Schmitt.

Patricia M. Worley and David E. Caywood, Memphis, Tennessee, for the Amicus Curiae, Memphis Bar Association.

**Opinion**

I. Facts and Procedural History

On April 15, 1998, Joan C. Schmitt ("Schmitt") filed a divorce complaint against her husband, James Charles Smith ("Smith"). Subsequently, Schmitt's original attorney of record withdrew and was replaced by S. Denise McCrary ("McCrary"). On March 19, 1999, Schmitt and McCrary executed an employment agreement that granted McCrary an attorney's lien as to all property, both real and personal, including money, assets, alimony or things of value, which were recovered, obtained, preserved or protected for Schmitt in this lawsuit or any lawsuit or claim. Any amount Schmitt owed McCrary was to be payable from those assets.

On September 15, 1999, Schmitt and Smith reached a partial settlement. On October 1, 1999, McCrary filed a Notice of an Attorney's Lien with the Shelby County Register's Office in the amount of $20,910 against the marital residence for fees Schmitt owed to McCrary through September 28, 1999. A copy of the notice was mailed to Schmitt pursuant to a certificate of service.

On November 2, 1999, the trial court entered an interim consent decree, which reserved, among other things, the issue of attorney's fees. On November 29, 1999, a final decree was entered incorporating by reference the interim consent decree. The final decree required the parties to sell their marital home and pay their own attorney's fees. No mention was made of McCrary's lien.

On February 3, 2000, Smith filed a petition to require the sale of the marital residence. Thereafter, on February 28, 2000, McCrary filed a Notice of an Amended Attorney's Lien for $28,832 and a petition to enforce the lien. As a result, the trial judge issued a temporary restraining order enjoining the distribution of any proceeds from the sale of the marital home. The trial court later modified the restraining order and placed $50,000 in escrow pending a final judgment on the matter. On June 13, 2000, the trial judge entered an order awarding McCrary a total judgment of $37,332.[1]

On appeal, the Court of Appeals reversed the trial court's order, holding that McCrary's attorney's lien had been lost due to McCrary's failure either to note the lien in the final judgment or to file a timely motion pursuant to Tennessee Rule of Civil Procedure 59.04 to alter or amend the final judgment.

After careful consideration of the record, the briefs, and relevant case law, we reverse the judgment of the intermediate court and remand this case to the trial court for further proceedings consistent with this opinion.

---

[1]The trial court's award of $37,332 included the $28,832 that McCrary requested in her Notice of an Amended Attorney's Lien plus an additional $8,500 for McCrary's expenses incurred by having to pursue legal action to collect her fees.

## II. Standard of Review

The issue presented in this case is a question of law, which we review de novo with no presumption of correctness accorded to the findings of the court below. State v. Walls, 62 S.W.3d 119, 121 (Tenn. 2001); Weston v. State, 60 S.W.3d 57, 59 (Tenn. 2001).

## III. Analysis

This appeal presents the following issues: 1) whether preservation of an attorney's lien requires that it be noted in the final judgment; and, if so 2) whether the lien must be enforced in a proceeding separate from the action in which the services were rendered. We will first consider whether an attorney's lien must be noted in the final judgment for purposes of preservation.

## A. Validity of Lien

The Tennessee General Assembly created a statutory attorney's lien which provides that "[a]ttorneys and solicitors of record who begin a suit shall have a lien upon the plaintiff's or complainant's right of action from the date of the filing of the suit." Tenn. Code Ann. § 23-2-102 (1994). This lien "attaches to any proceeds flowing from a judgment, as long as the lawyer worked to secure that judgment for the client." Starks v. Browning, 20 S.W.3d 645, 651 (Tenn. Ct. App. 1999). Tennessee Code Annotated section 23-2-103 (1994) provides a lien to an attorney who is substituted as plaintiff's counsel after an action has begun. It provides:

> Any attorney or solicitor who is employed to prosecute a suit that has already been brought in any court of record shall have a lien upon the plaintiff's right of action from the date of the attorney's or solicitor's employment in the case; provided, that the record of the case shall first be made to show such employment by notice upon the rule docket of such court, or a written memorandum filed with the papers in the case, or by notice served upon the defendant in the case.

Id.

From the record, it appears that McCrary asserts her claim of an attorney's lien pursuant to Tennessee Code Annotated section 23-2-102 instead of section 23-2-103. These sections are mutually exclusive, as one applies to attorneys who begin a suit, and the other applies to attorneys hired after a suit has already been brought. In re Pass, 258 B.R. 170, 172 (Bankr. E.D. Tenn. 2001). Because McCrary began her representation of Schmitt after the divorce action had already commenced, her claim of an attorney's lien is pursuant to Tennessee Code Annotated section 23-2-103. However, the analysis under both of the statutes is the same. In re Pass, 258 B.R. at 172.

There is no requirement in Tennessee Code Annotated section 23-2-102 that a lawyer include a notation of an attorney's lien in the final judgment. Starks, 20 S.W.3d at 651. The same is true for Tennessee Code Annotated section 23-2-103. Rather, this requirement was promulgated by this

Court in <u>Chumbley v. Thomas</u>, 198 S.W.2d 551 (Tenn. 1947), almost fifty years after enactment of the statute. In <u>Chumbley</u>, the complainant-attorney had noted the lien in the final decree. <u>Id.</u> at 551. The decree, however, had been altered before recording so as to remove the notation of the attorney's lien. <u>Id.</u> This Court decided that an attorney may not benefit from a lien unless the lien is noted in the final decree in which the services were rendered. <u>Id.</u> at 552. This Court reasoned that "otherwise there would be no notice to the public or a subsequent purchaser." <u>Id.</u>

It is apparent from the language in <u>Chumbley</u> that the primary concern in that case was notice. Although in <u>Chumbley</u> this Court held that a lien must be noted in the decree in which the services were rendered, we did so on the basis that the public and subsequent purchasers would have no other notice of the lien. <u>Id.</u>; <u>see</u> <u>Starks</u>, 20 S.W.3d at 651. In <u>Chumbley</u>, the defendant was merely told of the lien, and nothing formal was filed. 198 S.W.2d at 261.

In the case under submission, McCrary provided adequate notice of her attorney's lien on the marital residence. She filed both a notice of an attorney's lien and an amended notice of an attorney's lien in the Shelby County Register's Office. McCrary also mailed copies of both liens to Schmitt. Thus, McCrary gave Schmitt, the public, and any subsequent purchasers, notice of her lien against the marital residence.

In addition, we find the following language in <u>Starks</u> to be persuasive:

> While a notice requirement is certainly salutary insofar as third parties are concerned, it has less importance in disputes solely between the lawyer and his or her client. In these sorts of disputes, notice is not a problem because the client knew that the lawyer expected to be paid when he or she accepted the client's case.

20 S.W.3d at 651. In the case under review, Schmitt had signed an employment agreement with McCrary acknowledging that a lien would be placed on her property. Schmitt never contested the terms of the agreement, nor did she suggest that she was unaware of the terms of the agreement. Therefore, we are of the opinion that Schmitt cannot now claim that McCrary did not provide her with proper notice of the lien.

Schmitt contends further that even if this Court concludes that an attorney is not required to note a lien in the final judgment, the notice McCrary filed with the Shelby County Register's Office was insufficient because it failed to comply with Tennessee Code Annotated section 20-3-101 (1994). That statute provides that when a person seeks to fix a lien *lis pendens,* "an abstract, certified by the clerk, containing the names of the parties to such suit, a description of the real estate affected, its ownership, and a brief statement of the nature and amount of the lien sought to be fixed" must be filed with the Register's Office of the county in which the property is located. Tenn. Code Ann. § 20-3-101(a). The statute further provides that "[u]ntil same is so filed, so far as concerns the rights of bona fide purchasers and encumbrancers, for value, of the realty, or any interest therein, they shall not be affected." <u>Id.</u> § 20-3-101(b). Schmitt asserts that McCrary's notice failed to give a description of the real property upon which the lien was to be enforced and failed to identify the owners.

We conclude that Schmitt waived this issue for failure to raise it in the courts below. Regardless, we conclude that McCrary properly perfected the lien by filing notice of an amended attorney's lien along with an abstract of suit on February 28, 2000. Although McCrary's original notice of a lien failed to give a description of the property or identify the owners, her amended notice contained all of the relevant information as required by Tennessee Code Annotated section 20-3-101. This amended notice coincided with McCrary's petition to enforce her attorney's lien. We conclude that the amended notice with an abstract of suit satisfied the requirements of section 20-3-101.

We would also point out as a matter of practice that requiring a notation of the lien to be included in the final judgment is not always practical. In cases where counsel withdraws or is discharged from a case prior to its conclusion, that attorney may not be able to draft or influence the language used in the final judgment. Therefore, if the rule is that an attorney must ensure that his or her lien is noted in the final judgment, the attorney who does not conclude the case may be left without a remedy for attorney's fees.

Thus, we hold that so long as adequate notice of the lien is provided to the public and to future purchasers, the requirements of Tennessee Code Annotated sections 23-2-102 and 23-2-103 are satisfied. We also note, as did the Court in Starks, that notice may not be necessary when the dispute is solely between the client and attorney. In so far as Chumbley conflicts with this holding, it is overruled. Chumbley, however, may still apply in situations where notice was not provided.

## B. Enforcement of Lien

Because the intermediate court determined that the lien was invalid, it did not address the secondary issue of enforcement. Accordingly, we must determine whether the trial court had authority to execute on the lien and enter a judgment for McCrary.

The lien in this case is a charging lien[2] attached to the proceeds generated from the sale of the parties' marital home. "While a charging lien serves to secure an attorney's fees, it does not function as an adjudication of the rights between the lawyer and his or her client." Starks, 20 S.W.3d at 652 (citing Pierce v. Lawrence, 1 S.W. 204, 205-06 (Tenn. 1886)). Thus, "[a] trial court may declare the existence of an attorney's lien in the suit out of which the dispute regarding the attorney's fee arose, but ordinarily an attorney, not being a party to the proceeding, may not obtain a judgment with respect to his or her fee in that action." Id. (citing State v. Edgefield & Kentucky R.R., 63 Tenn. 92, 97 (1874); Perkins v. Perkins, 56 Tenn. (9 Heisk.) 95, 97-98 (1871)).

Although an attorney must generally commence a separate proceeding to enforce his or her contractual right to a fee, an exception has been carved out in which the trial court may exert jurisdiction where the money or property that is the subject of the lien "comes within the control of

---

[2]An attorney may also have a retaining lien over a client's property that is in the possession of the attorney. Starks, 20 S.W.3d at 650. An attorney may retain such property until the fee dispute is settled or until the client has provided other security. Id. A retaining lien, unlike a charging lien, does not carry an independent right of action against the client. Id.

the court in the case in which the services were rendered." Id. at 653. In Starks, the Court of Appeals held that the lien did not fall within the narrow confines of the exception because the lien involved a post-judgment dispute between the attorneys and the client over legal fees and expenses. Id.

We have here a divorce action in which the trial court adjudicated the distribution of the marital property owned by Schmitt and Smith. The residence that was the subject of McCrary's lien was included in the marital property ultimately divided by the trial court. As such, the property upon which the lien was to be enforced, the house, was within the control of the trial court.

Nevertheless, Schmitt cites to Palmer v. Palmer, 562 S.W.2d 833 (Tenn. Ct. App. 1977), for the proposition that the exception enunciated in Starks does not apply in divorce actions. However, the facts in this case are distinguishable from those in Palmer. In Palmer, a couple divorced, and the trial court awarded the wife a certain piece of property as part of the divorce settlement. 562 S.W.2d at 835. The trial court also found that the wife's attorneys were entitled to $12,000 in fees and ordered the husband and wife each to pay $6,000. Id. at 836. The court then placed a lien only on the wife's property for her $6,000 share of the attorney's fees. Id. The wife's attorneys were allowed to intervene in the cause, and they argued that the lien on the wife's property should have been for the entire $12,000. The Court of Appeals affirmed the judgment of the trial court, stating that it could not agree "that the allowance of a $12,000.00 fee to be paid one half by the wife and one half by the husband thereby compels the trial judge to declare a lien for the entire $12,000.00 against property awarded to the wife." Id. at 839. Thus, Palmer does not support Schmitt's argument. Rather, the court in Palmer addressed the question of whether the wife's attorneys could assert a lien on the wife's property for a fee which the husband had been ordered to pay. Id. at 838. In fact, the Court of Appeals noted that "a [t]rial [c]ourt may, to a degree, rule upon the rights of counsel against his client, and that is when counsel seeks the declaration and enforcement of his lien against the funds or property recovered by his efforts." Id. at 839. Therefore, we hold that the trial court properly adjudicated the attorney's lien in this case.

However, Schmitt contends that even if the divorce action was originally in the trial court's jurisdiction, there was no action pending in which McCrary could have pursued her petition because McCrary did not file her amended lien until three months after the date of the final judgment. As we have held that McCrary gave proper notice of her attorney's lien by filing it in the Shelby County Register's Office, we conclude that such notice was sufficient to bring the action within the jurisdiction of the divorce court. Further, although the amended lien was filed after the date of the final judgment, McCrary had filed the initial lien well before that date. Moreover, at the time McCrary filed the petition to enforce her lien, the petition to require the sale of the marital residence was pending. Thus, the subject of the lien was still within the jurisdiction of the trial court.

Finally, we note that it is in the interest of judicial economy to allow the same court to hear all matters regarding the property in question. Forcing the parties to proceed in a separate action with a judge unfamiliar with the underlying facts of the divorce action would cause both parties to incur additional attorney's fees, costs, and litigation expenses. Therefore, we hold that the trial court in this case had jurisdiction to adjudicate McCrary's attorney's lien.

## IV. Conclusion

In accordance with the foregoing, we reverse the Court of Appeals and remand this cause to the trial court for enforcement of the lien and a determination of attorney's fees on appeal. Costs of this review are taxed to the appellee, Joan C. Schmitt, for which execution may issue, if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE