**In re ESTATE OF Nancy Blanche Huff ARTHUR, Deceased.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

April 13, 2009 Session.

May 27, 2009.

Rehearing Denied June 9, 2009.

Permission to Appeal Denied by Supreme Court Dec. 8, 2009.

George W. Morton, Jr., and J. Myers Morton, Knoxville, Tennessee for the Appellant, Douglas A. Arthur.

David H. Parton, Esq., Gatlinburg, Tennessee, pro se Appellee.

## OPINION

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Douglas A. Arthur filed the Last Will and Testament of Nancy Blanche Huff Arthur, Deceased for probate and was appointed Executor of the Estate of Nancy Blanche Huff Arthur ("the Estate"). Douglas A. Arthur then hired attorney David H. Parton ("Attorney Parton") for legal services in connection with the Estate. Attorney Parton later was granted leave to withdraw, and Douglas A. Arthur hired another attorney. Attorney Parton filed several motions asking for his fees. In August of 2008, the Probate Court entered an order finding and holding, *inter*

*alia,* that $2,500 of Attorney Parton's fees were chargeable against the Estate as an administrative expense, that Douglas A. Arthur was liable personally for the remainder of Attorney Parton's fees, and "that David H. Parton, Attorney is justly entitled to an attorney's lien against Doug Arthur's share of the Estate of Nancy Blanche Arthur to secure payment of the fees and expenses charged against Doug Arthur personally." Douglas A. Arthur appeals to this Court. We affirm.

### Background

Nancy Blanche Huff Arthur died leaving three surviving children, one of whom is Douglas A. Arthur. Nancy Blanche Huff Arthur's other children filed a will contest, among other things.

Attorney Parton filed several motions seeking to be awarded his fee earned during his representation. On September 18, 2006, the Probate Court entered an Agreed Order in which Douglas A. Arthur and Nancy Blanche Huff Arthur's other children agreed, *inter alia,* that upon the sale of certain real estate contained in the Estate, Attorney Parton would be paid the amount of $2,500 for services to the Estate. On August 11, 2008, the Probate Court entered an order finding and holding:

> This cause came on to be heard on the 26th day of June 2008, before the Honorable Jeff. D. Rader, Judge of the Probate Court, upon the Renewed Motion for Attorney's Fees and Expenses filed by David H. Parton, former attorney for the Executor of the Estate of Nancy Blanche Arthur, Deceased, and it appearing to the Court that said counsel's previous Motion for Attorney's Fees for the same services was approved by the Special Master in the Special Master's Report, dated May 14, 2004; that the Special Master charged $2,500.00 of that

amount to the Estate as an administrative expense; that the remaining amount of the attorney's fees and expenses were charged against the Executor personally; that neither party filed a timely objection to the findings of the Special Master with regard to this allocation of fees and reimbursement of expenses; and it appearing to the Court that David H. Parton, Attorney, has rendered valuable services and expenses incurred in connection with the administration of this estate and in representing the Executor during litigation seeking to contest the will and remove the Executor and that David H. Parton, Attorney is justly entitled to an attorney's lien against Doug Arthur's share of the Estate of Nancy Blanche Arthur to secure payment of the fees and expenses charged against Doug Arthur personally. It is therefore,

ORDERED, ADJUDGED and DECREED that David H. Parton, Attorney, is granted a lien for attorney's fees against Doug Arthur's share of the Estate of Nancy Blanche Arthur to secure payment of the fees and expenses charged against Doug Arthur personally.

Douglas A. Arthur appeals to this Court contesting the lien awarded to Attorney Parton against Douglas A. Arthur personally.

### Discussion

Although not stated exactly as such, Douglas A. Arthur raises three issues on appeal: 1) whether the Probate Court had jurisdiction to allow the lien; 2) whether Attorney Parton had standing in Probate Court to assert a claim for his fee; and, 3) whether the Probate Court had jurisdiction to hear a dispute over a personal debt of the executor of the Estate.

■ The issues raised in this case concern questions of law, which we review *de novo* with no presumption of correctness as to the findings below. *Schmitt v. Smith*, 118 S.W.3d 348, 351 (Tenn.2003).

■ We will address together the issues of whether the Probate Court had jurisdiction to allow the lien and whether Attorney Parton had standing in Probate Court to assert a claim for his fee. As our Supreme Court has explained:

Although an attorney must generally commence a separate proceeding to enforce his or her contractual right to a fee, an exception has been carved out in which the trial court may exert jurisdiction where the money or property that is the subject of the lien "comes within the control of the court in the case in which the services were rendered." [*Starks v. Browning*, 20 S.W.3d 645] at 653 [ (Tenn.Ct.App.1999) ].

*Schmitt*, 118 S.W.3d at 354.

■ In the case now before us, the Probate Court had jurisdiction over the Estate, and therefore, control over the money or property that was the subject of the lien by virtue of Tenn.Code Ann. § 16–16–107, which provides, in pertinent part:

**16–16–107. Original jurisdiction.**—The county court has original jurisdiction in the following cases:

(1) The probate of wills;

\*     \*     \*

(4) The settlement of accounts of executors and administrators;

(5) The partition and distribution of the estates of decedents; and for these purposes, the power to sell the real and personal property belonging to such estates, if necessary to make the partition and distribution, or if manifestly for the interest of the parties;  . . .

Tenn.Code Ann. § 16–16–107 (1994). The money or property that is the subject of the lien came within the control of the Probate Court in the case in which Attorney Parton rendered services. As such, the Probate Court had jurisdiction to grant Attorney Parton a lien for his fee for his services rendered in this case. As our Supreme Court stated, if a case fits the exception, as does the case now before us, an attorney need not commence a separate proceeding to enforce his right to a fee. Thus, Attorney Parton had standing in Probate Court to assert a claim for his fee.

■ With regard to the third issue raised on appeal, Douglas A. Arthur asserts that the Probate Court awarded a "personal judgment against an executor in favor of a non-beneficiary of the estate. . . ." Douglas A. Arthur is mistaken. The Probate Court awarded Attorney Parton a lien for his fees earned during Attorney Parton's representation in the case before the Probate Court based upon the exception as discussed above. Contrary to Douglas A. Arthur's assertion, the Probate Court did not "entertain suit against a personal representative by a personal creditor of the personal representative." This issue is without merit.

We affirm the Probate Court's August 11, 2008 order.

### Conclusion

The judgment of the Probate Court is affirmed, and this cause is remanded to the Probate Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Douglas A. Arthur and his surety.