## THE STATE OF TENNESSEE *v.* THE EDGEFIELD AND KENTUCKY RAILROAD COMPANY, *et als.*

1 LIEN FOR LAWYERS' FEES. *Railroad. Receiver. State. Chancery practice. Statement of the case:* The State of Tennessee issued its bonds for the purpose of building railroads, the companies were to pay the interest on and the principal of said bonds, and upon failure, a certain road was put in the hands of a Receiver. One Receiver claiming authority under the State, employed counsel to oust the lessees of another Reciver of possession, in which suit they were successful; but it was finally appealed to the Supreme Court, and by the proceedings in that case all its property was sold. The attorneys claim that the litigation was for the benefit of the State, and that they are entitled to a lien upon the fund arising from such sale, or that they have a right to be made defendants, as creditors under a bill filed in the case, praying that all creditors of said road be made defendants.

The Court say: "While, in the causes in which petitioners rendered the services, the Court would, perhaps, have had the power to enforce the lien of petitioners upon any fund coming under the control of the Court in that account; yet, if the attorneys seek to follow the fund or property elsewhere, it must be done by an original suit, which cannot be prosecuted against the State.

State *v.* Edgefield and Kentucky R. R. Co.

2. The Court say: We think it clear that the petitioners are not the creditors of said Railroad Company. The Company, in its corporate capacity, did not retain them, so far as they allege; nor did said Company have any direct interest in the litigation for which these fees are charged.

3. The Court say: Upon the facts stated, the petitioners must first look to Marbury, etc., who employed them, and he would, no doubt, have the right to pay his counsel fees out of any funds that might come to his hands as Receiver, and would, we have no doubt, be entitled to a credit for the same upon settling his accounts as Receiver, and the Court in the cause in which petitioners were engaged would have the power to determine their right to a lien upon any fund that might arise in that case.

FROM DAVIDSON.

Appeal from the Chancery Court. E. H. EAST, Chancellor.

W. F. COOPER for complainant.

G. W. HICKS for defendant.

McFARLAND, J., delivered the opinion of the Court.

On January 21, 1871, this bill was filed in the name of the State of Tennessee against the various railroad companies in the State, and others. Under a system of laws, known as the internal improvement laws, the credit of the State had, from time to time, been loaned to said Companies by the issuance of the coupon bonds of the States, which were loaned to said several companies, upon their agreement to pay the semi-annual interest falling due upon the bonds, and to provide for their ultimate redemption. By these

laws a lien was created in favor of the State, upon the entire property of said Corporations, for the interest and principal of said bonds; and it was further provided, that upon the failure of any Company to pay said interest, a Receiver should be appointed in behalf of the State to take possession of such roads, and run them at the expense of the Company, and after paying current expenses, to apply the surplus to the payment of said interest, etc. These railroad companies having finally failed to meet the interest upon the bonds they loaned them, by subsequent legislation certain Commissioners were appointed on behalf of the State to sell the State's interest in these delinquent roads. Failing, however, to make the sale, under an Act passed December, 1870, said Commissioners filed bill, in the name of the State, in the Chancery Court at Nashville, to have the interest of the State in said Railroad Companies sold by a decree of the Court, and for other relief not necessary now to mention. Among the Railroad Companies thus proceeded against is the the McMinnville and Manchester Railroad Company, and in the progress of the cause this road, or at least the State's interest in it, has been sold.

It is not deemed necessary, for the purpose of the questions now to be decided, to set forth very particularly the various laws upon this subject, or the proceedings in said cause, the above general history being sufficient.

On June 6, 1871, Shackelford & Helms, Spurlock & Murray, and A. S. Colyar, attorneys and counsellors

at law, filed their petition in said cause, in which they state, in substance, that one Davenport, who had been appointed Receiver of said McMinnville and Manchester Railroad Company, had leased the same to Huggins & Price for six years; that on the ——— day of October, 1869, an Act of the Legislature was passed, making the President of such Company Receiver for the State, upon certain conditions. Under this Act P. H. Marbury became Receiver of the road in question, and employed petitioners to file a bill to recover the possession of said road, and to recover for the use of the State the issues and profits of said road due from Davenport, and also from Huggins & Price; that they filed a bill in the Chancery Court at Manchester, and obtained an attachment and injunction, which was afterwards dissolved; that further legislation was had upon the subject; that a bill was filed by Huggins & Price against Marbury, President and Receiver, the Governor of the State, and others. They further show that they filed, in behalf of Marbury, President and Receiver, an amended bill against said Huggins; another injunction and attachment were obtained, placing the road in the hands of Marbury; that this cause was determined in favor of Marbury, but brought to this Court by appeal, where it is now pending.

Petitioners charge that they attended to this litigation, and that their fees have not been paid, except small sums, and that there is reasonably due each of them for their services the sum of $2,500. They charge that by the proceedings in the present case, the

road and all the property has been taken and sold, and they have no security for their fees; they charge that this litigation was for the benefit of the State, and that they are entitled to a lien upon the fund arising from the sale of the road, or, at all events, upon the fund arising from the use of the road, now under the control of the Court in this case, for the payment of their fees. They pray a reference to the Master, to ascertain their fees, and a decree for payment out of the fund that may arise.

This petition was, upon the motion of the counsel for the State, dismissed, upon the ground that no equity or lien was shown in the petition, and the petitioners have appealed.

Several interesting questions are presented in the brief filed, which, in the view we have taken of the case, it will not be necessary to notice.

Against whom are the fees of the petitioners chargeable?

Upon the part of the petitioners it is urged that the services were rendered in behalf of the State; that the litigation was necessary, and the State has received, or will receive, the benefits, and the Receiver Marbury was authorized to bind the State for the payment of their fees. Upon the other hand all this is denied.

Assume for the argument that upon the facts stated in the petition their fees are justly chargeable to the State; and further assume, that the principle which gives to an attorney a lien upon the fund or the property recovered for his fees, applies as well to the State

as an individual—the question remains, how is this lien to be enforced? Where the fund or property upon which the lien is to be enforced comes within the control of the Court in the case in which the fees accrue, it may be further conceded that the Court would have the power to declare and enforce the lien by the proper order and decrees in the cause; but in the present cause, in the progress of which the fund has come under the control of the Court, the petitioners do not claim that they have been retained, or that any fees are due them. Unless the fund upon which the lien is sought to be enforced comes within the control of the Court in the case in which the services are rendered, so that the Court can, by an order or decree, enforce it, the attorney will then be compelled to resort to an original suit to enforce his lien. Clearly, he cannot, by motion or petition in another cause to which he is not a party, have the question of his lien heard and determined. It must be done by an original bill, or perhaps by a cross-bill, in another cause, and in such case the client against whom the fee is claimed would have to be made a party defendant, with all the right to make defence, and resist the claim upon any grounds open to other defendants in other causes. This lien then would have to be set up by an original bill. Whether such a bill could be prosecuted against the State, or not, we do not say. This does not purport to be a bill, but simply a petition. While, in the causes in which petitioners rendered the services, the Court would, perhaps, have had the power to enforce the lien of petitioners upon any fund coming

under the control of the Court in that account; yet, if the attorneys seek to follow the fund or property elsewhere, it must be done by an original suit, which cannot be prosecuted against the State. In this view the petitioners would have to resort to the same means afforded to other creditors of the State.

Another view is presented by the petitioners. The bill in this case prays, that all the creditors of said several Railroad Companies be made defendants—but without naming them—to the end that any rights they might have should be adjudicated.

It is urged that, under this prayer, the petitioners have the right to be made defendants, as creditors of the McMinnville and Manchester Railroad Company.

We think it clear that the petitioners are not the creditors of said Railroad Company. The Company, in its corporate capacity, did not retain them, so far as they allege; nor did said Company have any direct interest in the litigation for which these fees are charged. The contest was between one Receiver, and the lessees of the other, both claiming under the State, and as to which of the two should succeed the Corporation had no legal interest; nor is it shown to have participated in the contest.

We think, therefore, that the petitioners are not creditors of the Corporation, and have not the right to be made parties to the bill under the prayer referred to.

We think, upon the facts stated, the petitioners must look first to Marbury, the Receiver, etc., who

employed them, and he would, no doubt, have the right to pay his counsel fees out of any funds that might come to his hands as Receiver, and would, we have no doubt, be entitled to a credit for the same upon settling his accounts as Receiver, and the Court in the cause in which petitioners were engaged would have the power to determine their right to a lien upon any fund that might arise in that case.

If no such fund came to the hands of the Receiver, or under the control of the Court, then petitioners would have to resort either to the individual who employed him, or be dependent upon obtaining a just recognition of their claims from the proper authorities or the State.

There was no error in dismissing the petition, and the decree will be affirmed.