JOHN Y. KEITH *et al. v.* EDMUND FITZHUGH *et al.*

ATTORNEY'S FEES. *Suit for partition.* The lawyer who files a bill for partition, under which the property is sold, is not entitled to a fee out of the whole fund realized, but only out of his client's share.

### FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

C. A. & A. MILLER and FINLAY & PETERS for complainants.

HILL & WILKERSON, E. B. McHENRY and ESTES & WARINNER for defendants.

COOPER, J., delivered the opinion of the court.

Bill filed, and successfully prosecuted, to sell a lot in Memphis for partition, the lot selling for $4,150. There were six interests represented in the, case as follows: One-sixth by the complainants; one-sixth by adult non-residents of the State, who were not represented by counsel; one-sixth by an adult resident, who answered by counsel, consenting to the sale; two-sixths by infants who appeared by a guardian *ad litem;* and one-sixth in part by infants represented by a guardian *ad litem,* and in part by the life tenant, and certain adult owners of the remainder interest in this one-sixth, who, by counsel, resisted the sale. After the sale of the lot had been confirmed, the counsel of the

4—VOL. 15.

complainants moved the court for a reference to the master to take proof and report what would be a reasonable fee to be paid. them for their services, and to have a lien declared on the whole fund for the compensation thus ascertained. The chancellor refused to entertain the motion, and the counsel appealed.

A lawyer has a lien in this State upon the money or property, the subject-matter of litigation, which has been recovered for the client by the aid of the lawyer's professional services. There must be an actual recovery, not the mere preservation of an existing right: *Garner* v. *Garner*, 1 Lea, 29.

If the bill impounds or secures a fund, in peril or doubt, in which third persons may be entitled to share by coming in and making themselves parties to the suit, the counsel whose services in the general litigation have contributed to the result may be paid out of the aggregate recovery: *Moses* v. *Ocoee Bank*, 1 Lea, 398; *Whitsett* v. *City Building Association*, 3 Tenn. Ch., 526. The court merely declares the lien, where it already exists, as notice of the fact, leaving the counsel to enforce it by appropriate proceedings in the proper forum: *Perkins* v. *Perkins*, 9 Heis., 95.

The proceedings in this case, there being adult parties interested in contesting the claim, by mere motion are not warranted by law, and we can only dispose of the controversy, if at all, as upon an agreed case, no point having been made upon the mode adopted. A bill for partition of realty, even if the object be to sell the property for division, is not a suit to impound or secure a fund in which third per-

sons, not parties, may come in and share. It is an ordinary suit *inter partes* to sever existing interests, not to recover property. There is no more reason for extending the lawyer's lien over the entire property or its proceeds in such a case, than in any other suit about property in which each party has a distinct interest, and the lawyer represents only his client. And we know of no authority or principle for taking the case out of the general rule. The lawyer's claim and lien are only on his client's interest or share.

Affirm the chancellor's decree with costs.