POLEN, Judge.
Paramount Engineering Group, Inc. (Paramount) hired Stuart Michelson to represent it in a lawsuit filed against Paramount in connection with the development of a parcel of land. With Michelson representing it, Paramount settled the claims against it with the net proceeds of the settlements paid into Michelson’s Trust Account. Michelson then filed an attorney's charging lien against Paramount for unpaid legal fees, followed by a motion to foreclose on the charging lien. Paramount filed an answer, affirmative defenses and a counterclaim against Michelson for professional malpractice, including a timely demand for jury trial. At the hearing on Michelson’s motion to foreclose the charging lien, Paramount argued that it had a right to a jury trial on its counterclaim because malpractice is an action at law. However, the trial court denied Paramount’s request stating that whereas a charging lien is an equitable matter, if a counterclaim is filed, the claim will also be heard at equity. Accordingly, the court ruled that Paramount could either pursue its claim at equity with a bench trial, or file a separate lawsuit for malpractice. The healing then proceeded, apparently with the malpractice claim being-argued as an affirmative defense to foreclosure of the lien. We reverse as the trial court erred in denying Paramount’s request for a jury trial on its malpractice counterclaim.
Our reversal of the trial court’s denial of Paramount’s right to a jury trial is predicated on the supreme court's opinion in Hightower v. Bigoney, 156 So.2d 501 (Fla.1963). In Hightower, the appellee filed and sought foreclosure at equity of a statutory architect’s lien. The appellant, in addition to its answer challenging the validity of the amount of the lien, filed a compulsory counterclaim alleging professional negligence. The counterclaim also included a request for a jury trial on all issues presented by the counterclaim. This jury request was denied by both the trial court and appellate court. Id. at 502.
*13 Citing to numerous authorities on the issue, the supreme court reversed stating that “the filing of a compulsory counterclaim for relief cognizable at law in an action for equitable relief does not constitute the coun-terelaimant’s waiver to the right to a jury trial of the issues raised by said compulsory counterclaim, provided, jury trial is timely demanded.” Id. at 509. The court also quoted with approval Barron & Holtzoff, Federal Practice and Procedure, where in discussing related Federal Rule 13(a), it was stated that:
Rule 13(a) would be unconstitutional if it compelled a party either to waive his right to jury by pleading the counterclaim or waive the claim -by not pleading it * * ⅜. * * ⅜ The cases have adopted this reasoning and it may now be regarded as settled that the filing of a counterclaim for legal relief in an action for equitable relief, whether the counterclaim be permissive or compulsory, does not waive the right to jury trial.
Id. at § 405.
In applying Hightoiver to the case at bar, it is apparent that Paramount was also wrongfully denied its right to jury trial. Instead, Paramount had to choose between pursuing its counterclaim at equity and waiving its right to jury trial, or arguing its position as an affirmative defense to foreclosure of the lien which would bar- its counterclaim under the doctrine of collateral estop-pel. See Carson v. Gibson, 638 So.2d 79 (Fla. 2d DCA), rev. denied, 645 So.2d 451 (Fla.1994) (legal malpractice action barred under doctrine of collateral estoppel where same issues were tided as affirmative defenses in non-jury tidal action to foreclose attorney’s charging lien). Paramount should not have been required to chose between these two equally unsatisfactory options.
In Adams v. Citizens Bank of Brevard, 248 So.2d 682 (Fla. 4th DCA 1971), this court relied on Hightoiver and stated:
where the compulsory counterclaim entitles the counter-claimant (upon timely demand) to a jury trial on issues which are sufficiently similar or related to the issues made by the equitable claim that a determination by the first fact finder would necessarily bind the later one, such issues may not be tried nonjury by the court since to do so would deprive the counter-claimant of his constitutional right to trial by jury.
Id. at 684. In light of the above opinion in Adams and the supreme court’s opinion in Hightower, we hold that the trial court erred in determining that the issues raised by the counterclaim were subsumed in the final judgment of foreclosure, and by resolving at equity issues to which Paramount was entitled to a jury trial at law. Accordingly, we remand for a jury trial on the issue of Mi-ehelson’s alleged malpractice.
GLICKSTEIN and GROSS, JJ., concur.