IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 18, 2001 Session

## JOAN C. SCHMITT v. JAMES CHARLES SMITH

**Direct Appeal from the Circuit Court for Shelby County**
**No. 158942 R.D.     George H. Brown, Jr., Judge**

————————

**No. W2000-01726-COA-R3-CV - Filed November 27, 2001**

————————

This dispute arises from an action to enforce an attorney's lien in a divorce action. Appellant contends that a separate suit is required to enforce the lien, and, further, that the lien was lost through the attorney's failure to have it noted in the final judgment. Appellant also submits that the trial court erred in issuing injunctive relief without notice, hearing or bond against proceeds of marital property against which the lien was filed. We hold that the attorney's lien was lost due to failure to note it in the final judgment or by a timely Rule 59.04 motion to alter or amend the judgment. We further hold that the Rule 65.07 exception to the requirements of injunctive relief in some domestic relations cases does not apply to the case at bar, where, although the original suit was a divorce action, the issue presented for resolution is essentially based on contract.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; and**
**Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and JOHN EVERETT WILLIAMS, SP. J., joined.

James F. Schaeffer, Jr., Memphis, Tennessee, for the appellant, Joan C. Schmitt.

Mitzi C. Johnson, Memphis, Tennessee, for the appellee, S. Denise McCrary.

**OPINION**

On April 15, 1998, Joan C. Schmitt ("Schmitt") filed a complaint for absolute divorce against James Smith ("Smith"). She was represented in this action by attorney Karen McCarthy. Smith counter-claimed and after considerable discovery, motions for injunctive relieve, motions for the dissolution of injunctive relief, battles over custody of the couple's minor child, motions to compel discovery, and other disputes, a hearing before the divorce referee was held on January 7, 1999. Schmitt appealed the ruling on January 11, 1999. An order on divorce referee ruling was entered on February 5, 1999. Following further discovery, a consent order of personal property division was entered on February 23, 1999. An order granting continuance was entered on February 26, 1999.

Karen McCarthy withdrew from representation of Schmitt due to McCarthy's family obligations. On March 19, 1999, Schmitt executed an employment agreement retaining S. Denise McCrary ("McCrary") as counsel. On March 23, 1999, a consent order substituting counsel was entered. The parties reached partial agreement on September 15, 1999. McCrary filed a notice of attorney's lien on October 1, 1999, for $20,909.61 for fees owed by Schmitt through September 28, 1999. On November 2, 1999, the court entered a consent interim decree which reserved, among other issues, the issue of attorney's fees. The final decree, entered on November 29, 1999, incorporated by reference the interim decree, which required the marital home to be sold. The final decree ordered the parties to pay their own attorney's fees. No mention or notation was made of McCrary's lien in the final decree.

Defendant Smith filed a petition to require sale of the marital residence on February 3, 2000. On February 28, 2000, McCrary file a notice of amended attorney's lien of $28,831 and a petition to enforce attorney's lien. On the same day, the trial court issued a temporary restraining order enjoining distribution of any proceeds from the sale of the marital home. No bond was required. On March 10, 2000, Schmitt filed a motion to dissolve the injunction on the grounds that she had not been given a hearing within 15 days, and that no bond had been required as stipulated in Tenn. R. Civ. P. 65.03. The injunction was modified on May 23, 2000, placing $50,000 in escrow pending further orders. On April 25, 2000, Schmitt filed a response to McCrary's petition and demanded a jury trial to try the issues. She also denied that the divorce action was the proper action for McCrary to enforce her lien for attorney's fees. The trial court entered an order on petition to enforce attorney's lien on June 13, 2000, awarding McCrary a total judgment of $37,332.

### *Issues*

The issues raised by Schmitt in this appeal, as we perceive them, are:

1. Whether the trial court erred in permitting McCrary's petition to enforce attorney's lien to proceed in the original action for divorce, rather than requiring enforcement in a separate proceeding.

2. Whether the trial court erred in permitting McCrary to pursue her petition to enforce attorney's lien where McCrary had failed to preserve or otherwise determine the attorney's lien in the final decree.

3. Whether the trial court erred in issuing injunctive relief upon the filing by McCrary of her petition to enforce attorney's lien.

4. Whether the trial court erred in failing to provide Schmitt with a jury trial.

5. Whether the trial court erred in terminating a line of questioning intended to identify the issues in controversy during McCrary's representation of Schmitt.

McCrary raises one additional issue:

> Whether the trial court erred in failing to award Petitioner McCrary her entire attorney's fee. (Total judgment of $45,409.16 was demanded; $37,332.00 was awarded.)

### *Standard of Review*

The issues raised in this appeal are matters of law. With respect to a trial court's legal conclusions, our review is *de novo* with no presumption of correctness. *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999); Tenn. R. App. P. 13(d).

We first address the issue of whether the trial court erred in permitting McCrary's petition to enforce attorney's lien to proceed in the original action for divorce, rather than requiring enforcement in a separate proceeding.

The attorney-client relationship is essentially based on contract. *Starks v. Browning*, 20 S.W.3d 645, 650 (Tenn. Ct. App. 1999) (citing *Alexander v. Inman*, 974 S.W.2d 689, 694 (Tenn. 1998)). The attorney is bound to exercise good faith in providing competent legal services, while the client agrees to compensate the attorney with a reasonable fee. *Id*. (citing *Crawford v. Logan*, 656 S.W.2d 360, 364 (Tenn. 1983)). An attorney's lien secures the attorney's claim for these fees. *Id*. (citing *Feissner v. Prince George's County*, 282 Md. 413, 384 A.2d 742, 746 (1978)). Most states, including Tennessee, provide such a lien by statute. *Id*. (citing Charles W. Wolfram, *Modern Legal Ethics* § 9.6.3, at 558 (1986)).

In Tennessee, attorneys have a lien on a plaintiff's cause of action in a suit which they are prosecuting. Section 23-2-102 of the Tennessee Code provides:

> Attorneys and solicitors of record who begin a suit shall have a lien upon the plaintiff's or complainant's right of action from the date of the filing of the suit.

Tenn. Code Ann. § 23-2-102 (1994). Section 23-2-103 provides a lien to attorneys who are substituted as plaintiff's counsel:

> An attorney or solicitor who is employed to prosecute a suit that has already been brought in any court of record shall have a lien upon the plaintiff's right of action from the date of the attorney's or solicitor's employment in the case; provided, that the record of the case shall first be made to show such employment by notice upon the rule docket of such court, or a written memorandum filed with the papers in the case, or by notice served upon the defendant in the case.

Tenn. Code Ann. § 23-2-103 (1994).

Although McCrary argues that she has an attorney's lien pursuant to section 23-2-102, any lien held by her in this case would clearly be pursuant to section 23-2-103, as the divorce action giving rise to the lien already had been brought before McCrary was substituted as counsel. While there is little case law interpreting 23-2-103, the analysis of the scope and application of the two sections should be the same in either case. *See In re Pass*, 258 B.R. 170, 172 (Bankr. E.D. Tenn. Jan. 31, 2001).

An attorney's lien may take the form of a retaining lien or a charging lien. *Starks*, 20 S.W.3d at 650. A retaining lien is a possessory lien over the client's property in the possession of the attorney. *Id*. (citing *Andrew Hall & Assoc. v. Ghanem*, 679 So.2d 60, 61 (Fla. Dist. Ct. App. 1996); *In re Coronet Ins. Co.*, 698 N.E.2d 598, 601 (Ill. App. Ct. 1998); *Panarello v. Panarello*, 585 A.2d 428, 430 (N.J. Super. Ct. Ch. Div.1990)). It permits the attorney to retain such property until the fee dispute is settled or until the client has provided other security. *Id.* (citing *McDonald, Shea & Co. v. Charleston, C. & C. R.R.*, 24 S.W. 252, 255-56 (Tenn. 1893); *Brown & Reid v Bigley*, 3 Tenn. Ch. (Cooper) 618, 621 (1878); *Hoke v. Ortiz*, 632 N.E.2d 861, 865 (N.Y. 1994)). A retaining lien does not carry an independent right of action against the client that can be executed on. *Id*. (citing *McDonald, Shea & Co.*, 24 S.W. at 255-56; *Brown & Reid*, 3 Tenn. Ch. at 621).

A charging lien, however, is one based on an equitable right to have fees and costs due for services in an action secured by the judgment or recovery in that action. *Id*. (citing *Southern v. Beeler*, 195 S.W.2d 857 (Tenn. 1946); *Keith v. Fitzhugh*, 83 Tenn. 49, 50 (1885)). It is not limited to property in the possession of the attorney, but attaches to any proceeds flowing from the judgment if the attorney worked to secure that judgment. *Id*. at 651 (citing *Butler v. GMAC*, 313 S.W.2d 260, 262 (Tenn. 1958)). Both types of attorney's liens may be waived or forfeited if the attorney fails in his obligation of good faith or does not represent the client's interests faithfully, honestly and consistently. *Id*. (citing *First Nat'l Bank of Cincinnati v. Pepper*, 454 F.2d 626, 633 (2d Cir. 1972); *Western Life Ins. Co. v. Nanney*, 296 F. Supp. 432, 441 (E.D. Tenn. 1969); *People ex rel. MacFarlane v. Harthun*, 581 P.2d 716, 718 (Colo. 1978)). In the case of an action to enforce a charging lien, a client may raise an affirmative defense or counter-claim based on professional negligence. *Id*. (citing *Paramount Eng'g Group, Inc. v. Oakland Lakes, Ltd.*, 685 So.2d 11, 12 (Fla. Dist. Ct. App. 1996); *Nevlan v. Moser*, 400 N.W.2d 538, 540 (Iowa 1987)).

The lien in the present case is a charging lien attached to proceeds generated by the sale of the parties' marital home. A charging lien secures an attorney's fees, but it does not serve to adjudicate the respective rights of the attorney and the client. *Id*. at 652 (citing *Pierce v. Lawrence*, 1 S.W. 204, 205-06 (Tenn. 1886)). The trial court can declare the existence of an attorney's lien in the suit, but an attorney may not ordinarily obtain a judgment with respect to the fee in that action. *Id*. (citing *State v. Edgefield & Kentucky R.R.*, 63 Tenn. 92, 97 (1874); *Perkins*, 56 Tenn. (9 Heisk.) 95, 97-98 (1871)). The lien is an equitable charge against recovery received by the client in the action. *Id*. The attorney must seek to enforce his contractual rights in a separate action. *Id*. (citing *Keith v. Fitzhugh*, 83 Tenn. 49, 50 (1885)). Any issues relating to the fee and possible professional

negligence can be litigated in that action. *Id*. (citing *Perkins*, 56 Tenn. at 97-98; *Palmer v. Palmer*, 562 S.W.2d 833, 839 (Tenn. Ct. App. 1977)).

There is a *narrow* exception to the requirement of a separate proceeding. *Id*. at 653 (emphasis added). The exception applies where the property upon which the lien is to be enforced comes within the control of the court wherein the services were provided. *Id*. If the court can exercise jurisdiction directly over the property, the attorney is not required to commence a separate suit to enforce his lien. *Id*. (citing *Edgefield & Kentucky R.R.*, 63 Tenn. at 97; *Palmer*, 562 S.W.2d at 839).

We are thus called upon to determine whether this narrow exception as noted in *Starks* applies in the divorce action at hand. Schmitt cites *Palmer* for the proposition that divorce actions would not come within this narrow exception. In *Palmer*, this Court stated:

> There is another principle, frequently enunciated in unpublished opinions of this Court, that a divorce court has no authority to order the successful wife to pay her attorney any amount, this being a matter of contract between herself and her counsel, and not ordinarily being an issue to be determined in a divorce proceeding. If the counsel desires judgment in his favor and against his client, relief should be sought in adversary proceeding equivalent to a suit by the attorney against his client.

*Palmer*, 562 S.W.2d at 839. McCrary submits that since the attorney's lien is applicable to divorce actions, the proposition that this exception is inapplicable to divorce actions is "absurd." McCrary quotes Palmer as noting:

> There is a situation in which a Trial Court may, to a degree, rule upon the rights of counsel against his client, and that is when counsel seeks the declaration and enforcement of his lien against the funds or property recovered by his efforts. In such event, the Trial Court must perforce determine the extent (amount) of the lien to be enforced.

*Id*.

We note that the facts in this case are distinguishable from *Palmer*. In *Palmer*, the services of the wife's counsel were valued by the trial court at $12,000. Husband was ordered to pay one-half of wife's attorney's fees. Wife paid one-half of the fees, and attorneys sought a lien for the entire $12,000 against property awarded to the wife. The lien was limited to the $6,000 ordered to be paid by the wife and was satisfied by payment by the wife. *Palmer* addressed whether wife's attorneys could assert a lien on wife's property in order to secure a fee due from the husband. This Court held that they could not. *Id*. at 840.

The *Palmer* court briefly addressed the procedural foundations of the trial court's adjudication of the matter. It noted that the adjudication of the wife's rights probably was not proper

procedurally, because the wife's counsel had not created an adversary relationship between themselves and the wife by proper process and pleading. *Id*. at 839.

We note also the particular facts of the *Starks* case, which began as a personal injury action. *See Starks v. Brown,* 20 S.W.3d 645 (Tenn. Ct. App. 1999). In *Starks*, this Court held that the case did not fall within the "narrow confines" of the exception. *Id*. at 653. We noted that the establishment of a lien pursuant to Tenn. Code Ann. § 23-2-102 does not amount to an adjudication of the rights of the parties. *Id*. at 652. The lien is merely a charge against settlement proceeds. *Id*. We also found that the monies which Ms. Starks had been directed to pay into the court had never been brought under the control of the trial court during the underlying litigation. Thus a separate action by the attorneys to enforce their lien was required. *Id*. at 653.

McCrary contends that the property against which the liens were filed were within the control of the trial court by virtue of its order that the property be sold and the proceeds divided between the parties. While this contention may have merit, neither the facts of *Palmer* nor *Starks* are determinative of whether an attorney's lien should be enforceable in a divorce action, where generally virtually all of the parties' assets come within the jurisdiction of the court. In light of this, should the exception as noted in *Starks* apply to divorce actions, then attorney's liens in such actions would almost always be enforceable in the divorce action itself. As noted in *Starks*, the exception to the general rule is intended to be a narrow one. We believe this proposition would widen it considerably, complicating already contentious, emotion laden proceedings.

However, because, as discussed below, we hold that McCrary's lien was lost for failure to have it noted in the final judgment, and therefore could not later be enforced, it is unnecessary to resolve this question today.

Schmitt submits that the trial court erred in permitting McCrary to pursue her petition to enforce attorney's lien in the prior action where McCrary had failed to preserve or otherwise determine the attorney's lien in the final decree. This Court has held that a lien cannot continue after a final judgment is entered unless the lien was noted in the judgment itself. *Starks,* 20 S.W.3d at 651 (citing *Cobb v. Hallmark Studios, Inc*., 704 S.W.2d 724, 725 (Tenn. Ct. App. 1985)). Although such notation is not specifically required by the statute, it was grafted onto the statute by the Tennessee Supreme Court in *Chumbley v. Thomas*. *Id*. The combination of the Tennessee Code, sections 23-2-102 and 23-2-103, and case law have been summarized as follows:

> The statute simply gives an attorney a lien pending the litigation on anything involved, i.e., land or money paid in Court. The attorney may continue the lien after judgment by so providing in the order of judgment. Failure to do so results in the loss of the lien.

***In re Pass***, 258 B.R. 170, 172 (Bankr. E.D. Tenn. 2001) (citing ***Cobb v. Hallmark Studios, Inc.***, 704 S.W.2d at 725).

McCrary cites ***Starks*** for the proposition that the law has changed since ***Chumbley*** was decided, at least insofar as a situation like the case at bar, where the parties are on notice that a lien has been recorded. We cannot agree. In ***Starks***, this Court noted in dicta that notice to third parties may not be a problem in disputes which involve only the attorney and client. ***Starks v. Browning***, 20 S.W.3d at 652. However, in ***Starks*** we were not called upon to reach the issue of whether the attorney's lien would be lost if it had not been noted in the final judgment. In light of the particular facts of ***Starks***, we specifically stated, "we need not address the effect of failing to note a lien in the final judgment." ***Id***. In ***Starks***, the attorney's lien was noted in an order following a motion which this Court considered a Tenn. R. Civ. P. 59.04 motion to alter or amend the judgment to include a notion of the attorney's lien. ***Id***. The attorney's motion in ***Starks*** was filed within the thirty day deadline set by Tenn. R. Civ. P. 59.04, in fact it was filed on the same day the judgment was rendered and the attorney sought permission to withdraw. ***Id***.

This Court's holding in ***Starks*** cannot be construed to somehow alter the holding of the Tennessee Supreme Court in ***Chumbley***. Rather, ***Starks*** is confined to its particular facts, which included a motion regarded by this Court as a timely Rule 59.04 motion and subsequent substantial compliance by the court with the requirement that the lien be noted in the final judgment. This issue was recently addressed in ***In re Pass***, where the bankruptcy court rejected an argument similar to McCrary's. ***See In re Pass***, 258 B.R. at 173. Referencing ***Starks*** and following Tennessee law, the court found ***Starks*** to be inapplicable where the lien had not been noted in the final judgment and a timely motion to alter or amend the judgment had not been made. ***Id***.

We find likewise in this case. McCrary failed to have her lien noted in the final decree of divorce of November 29, 1999. No motion which can be construed as a timely Rule 59.04 motion to alter or amend the judgment was filed by McCrary subsequent to the final decree. There was no order by the trial court subsequent to the final decree which would reflect substantial compliance with the notice requirement such as that found in ***Starks***. The lien was not even noted on the February 24, 2000, consent order allowing withdrawal of counsel.

We therefore hold that McCrary failed to preserve her lien. Since the lien was not preserved in the final judgment or by a Rule 59.04 motion to alter or amend the judgment, it was lost under the rule established by the supreme court in ***Chumbley***.

We note, however, that this does not leave McCrary without a remedy in contract. In fact, McCrary's employment agreement with Schmitt stipulates that should Schmitt fail to pay her account, McCrary would be authorized to withdraw as counsel and to file suit to collect the balance and a reasonable attorney's fee.

Schmitt further contends that the trial court erred in issuing injunctive relief upon the filing by McCrary of her petition to enforce her attorney's lien. On February 28, 2000, the trial court

enjoined the disbursement of the $204,000 in proceeds from the sale of the Schmitt/Smith marital home. The court modified that injunction on May 23, ordering $50,000 to be held in escrow pending further order of the court. Schmitt submits that it was error for the court to issue the TRO/injunction without bond as required by Tenn. R. Civ. P. 65.05, and without notice or a hearing within fifteen days as required by Rule 65.03. McCrary argues that there was no error because Rule 65.07 provides an exception to these requirements in domestic relations cases. Schmitt concedes this exception, but posits that it is inapplicable in this case, since a petition to enforce an attorney's lien is not in the nature of a domestic relations case.

We are inclined to agree with Schmitt on this point. The Committee Comment to Rule 65.07 points out that the exception is made in recognition of the need for special handling of domestic relations cases in some instances. Even if McCrary could have enforced her lien in the divorce action, her enforcement action would not be a domestic relations matter to which we think the exception provided by Rule 65.07 should apply.

Although the dispute giving rise to the matter at hand was a domestic relations case, as discussed above, the relationship between the client, Schmitt, and the attorney, McCrary, is one based on contract. *Starks*, 20 S.W.3d at 650. Courts will enforce an attorney-client contract unless it was not negotiated in good faith, provides for an unreasonable fee, or unless the attorney breached his fiduciary obligations such that his client's interests were prejudiced. *Id*. An attorney's lien provides security for these contractual rights, but does not serve to adjudicate the rights between the attorney and client. *Id*. at 651-52. Ordinarily, a separate suit is required in which the attorney may enforce his right to a fee and the client may assert any defenses he may have based upon the enforcement exceptions listed above. *See id*. Thus while a lien may, in some exceptional cases, be enforced in the same action, it does not follow that the enforcement action should be characterized in the same manner as the underlying litigation.

Rule 65.07 preserves statutory provisions for injunctive relief which conflict with the rules. *See* Robert Banks, Jr. & June R. Entman; Tennessee Civil Procedure, § 4-3(p), (1999). The statutes which provide for such extraordinary relief are primarily those dealing with obscenity and domestic abuse. *Id*. The language dispensing with the time limitation for ex parte injunctive relief in domestic relations cases was added to the rule in 1979, when the legislature adopted statutes permitting ex parte orders of protection in domestic relations cases. *Id*. The statutes providing for attorney's liens in Tennessee do not call for a departure from the ordinary rules of civil procedure. Nor does this case fall within the nature of a domestic relations matter which might require an exceptional rule. Moreover, even in domestic relations matters, this Court has held that Rule 65.07 does not dispense with the requirement that the trial court enter reasons or findings of record when extending a restraining order or granting a temporary injunction. *Smith v. Smith*, No. 01A01-9511-CH-00536, 1996 WL 526921, at *3 (Tenn. Ct. App. 1996).

To apply the exception provided by Rule 65.07, which is designed to address the unique nature of domestic relations matters, to what is essentially a contractual matter would be a misuse

of the Rule. We therefore hold that this injunction, issued without notice, timely hearing or bond, was in error.

### *Conclusion*

Although a narrow exception to the requirement that a separate suit be brought to enforce an attorney's lien has been recognized in some instances, McCrary's lien in this case was lost because she failed to have it noted in the final judgment or by a timely Tenn. R. Civ. P. 59.04 motion to alter or amend the judgment. Additionally, Tenn. R. Civ. P. 65.07 provides an exception to the rules regarding injunctive relief unique to domestic relations cases. Since enforcement of an attorney's lien is essentially a contractual matter, we hold that injunctive relief without notice, timely hearing, or bond was in error in this case. Since resolution of the above issues is dispositive to this case, it is unnecessary to address the remaining assignments of error.

The order of the trial court enforcing McCrary's lien is vacated. Costs of this appeal are taxed to the Appellee, S. Denise McCrary.

_____
DAVID R. FARMER, JUDGE